**23SL-CC02138**

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:05 PM

IN THE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| Daniel Human, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiffs. | ) ) | |
| Vs. | ) ) | No. |
| SelectQuote, Inc.<br>251 Little Falls Drive<br>Wilmington, New Castle, DE 19808; and | ) ) ) ) | Complaint Class Action<br><br>Jury Trial Demanded |
| Timothy Danker, Chief Executive Officer<br>SelectQuote, Inc.<br>6800 W. 115 St., Ste 2511<br>Overland Park, KS 66211; and | ) ) ) ) ) | |
| InsideResponse, LLC<br>6800 W. 115 St., Ste 2511<br>Overland Park, KS 66211; | ) ) ) ) | |
| Serve Registered Agent:<br>Cogency Global, Inc.<br>2101 SW 21st St.<br>Topeka, KS 66604; and | ) ) ) ) ) | |
| Eric G. Hazen, Founder and Board Member<br>InsideResponse, LLC<br>6800 W. 115 St., Ste 2511<br>Overland Park, KS 66211; | ) ) ) ) ) | |
| Serve Registered Agent:<br>Cogency Global, Inc.<br>2101 SW 21st St.<br>Topeka, KS 66604; and | ) ) ) ) ) | |
| InsideResponse, LLC<br>117 South Lexington St., Ste 100<br>Harrisonville, MO 64701, | ) ) ) ) | |

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:05 PM

Serve: Cogency Global Inc.                        )
9666 Olive Blvd, Ste. 690                          )
St. Louis, MO 63132; and                          )
                                                                   )
InsideResponse, LLC                                 )
d/b/a LeadstoClose.com                            )
2020 89th St. 2nd floor                                )
Leawood, KS 66206; and                          )
                                                                   )
Alternative Service Address:                      )
9200 Ward Pkwy, Ste 350                         )
Kansas City, MO 64114; and                     )
                                                                   )
Eric G. Hazen, Founder and Board Member  )
InsideResponse, LLC                                 )
d/b/a LeadstoClose.com                            )
2020 89th St. 2nd floor                                )
Leawood, KS 66206; and                          )
                                                                   )
Trevor Nohe – President                            )
InsideResponse, LLC                                 )
d/b/a LeadstoClose.com                            )
9200 Ward Pkwy, Ste 350                         )
Kansas City, MO 64114; and                     )
                                                                   )
Blake Kauk, Chief Operating Officer          )
InsideResponse, LLC                                 )
d/b/a LeadstoClose.com                            )
9200 Ward Pkwy, Ste 350                         )
Kansas City, MO 64114; and                     )
                                                                   )
Paul Richardson, President of Calls and Transfers )
InsideResponse, LLC                                 )
d/b/a LeadstoClose.com                            )
9200 Ward Pkwy, Ste 350                         )
Kansas City, MO 64114; and                     )
                                                                   )
Ryan Wasinger, President of Clicks and Leads )
InsideResponse, LLC                                 )
d/b/a LeadstoClose.com                            )
9200 Ward Pkwy, Ste 350                         )
Kansas City, MO 64114; and                     )
                                                                   )
John and Jane Doe Telemarketers 1 through 50 )
SelectQuote, Inc.                                        )
6800 W. 115 St., Ste 2511                          )

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:05 PM

Overland Park, KS 66211; and                    )
                                                )
Allied Financial Services, LLC,                 )
d/b/a Allied Insurance Partners,                )
2020 89th St. Fl 2                              )
Leawood, Ks 66206-1930                          )
                                                )
Eric Hazen, Founder and Chief Executive Officer )
Allied Financial Services, LLC                  )
d/b/a Allied Insurance Partners                 )
2020 89th St. Fl 2                              )
Leawood, KS 66206-1930; and                     )
                                                )
John and Jane Doe Telemarketers 1 through 50    )
InsideResponse, LLC                             )
d/b/a LeadstoClose.com                          )
9200 Ward Pkwy, Ste 350                         )
Kansas City, MO 64114; and                      )
                                                )
John and Jane Doe Telemarketers 1 through 50    )
InsideResponse, LLC                             )
6800 W. 115 St., Ste 2511                       )
Overland Park, KS 66211, and                    )
                                                )
John and Jane Doe Telemarketers 1 through 50    )
Allied Financial Services, LLC                  )
d/b/a Allied Insurance Partners                 )
2020 89th St. Fl 2                              )
Leawood, KS 66206-1930; and                     )
                                                )
             Defendants.                        )

## COMPLAINT CLASS ACTION

I. Preliminary Statement

1.       Telemarketing calls are intrusive. A great many people object to these calls,

which interfere with their lives, tie up their phone lines, and cause confusion and disruption on

phone records. Faced with growing public criticism of abusive telephone marketing practices,

Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L No. 102-243, 105

Stat. 2394 (1991)(codified at 47 U.S.C. § 227). As Congress explained, the law was a response to

Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:05 PM

telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

    2.    "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.;* 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person 's telephone number is on the "do-not-call" registry, maintained by the Commission.')...Private suits can seek either monetary or injunctive relief. *Id* ...This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to _protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.,* 925 F.3d 643, 649-50 (4th Cir. 2019).

    3.    The Plaintiff Daniel Human alleges that Defendant's SelectQuote, Inc. ("Selectquote"), Timothy Danker ("Danker"), Allied Financial Services, LLC ("AFS"),  Allied Financial Services, LLC, d/b/a Allied Insurance Partners ("AIP"), InsideResponse, LLC, (Kansas and Missouri)("InsideResponse"), Eric G. Hazen ("Hazen"), Trevor Nohe ("Nohe"), Blake Kauk ("Kauk"), Paul Richardson ("Richardson"), Ryan Wasinger ("Wasinger"), InsideResponse d/b/a

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:05 PM

LeadsToClose.com ("IRLTC"), John and Jane Doe Telemarketers 1 through 50 for SQI, John and Jane Doe Telemarketers 1 through 50 for InsideResponse,  John and Jane Doe Telemarketers 1 through 50 for LTC, John and Jane Doe Telemarketers 1 through 50 for  AFS and AIP ("SQI Does", "IR Does",  "LTC Does"and AFS/AIP Does ) and myriad additional unidentified SelectQuote, Inside Response, Leadstoclose.com's agents, employees and/or vendors, in Missouri and Kansas and enticed, condoned, approved and ratified, or had the right to do so, made unsolicited telemarketing calls to his residential telephone number that he personally listed on the National Do Not Call and Missouri Do Not Call registries on June 29, 2022.

4.      Because telemarketing calls typically use technology capable of generating thousands of similar calls per day, the Plaintiff sues on behalf of a proposed nationwide class of other people who received similar calls.

5.      A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

II. Parties

6.      Plaintiff Daniel Human (hereinafter referred to as "Plaintiff," "Daniel," or "Mr. Human") is an individual residing in this District.

7.      Defendant SelectQuote, Incorporated, is, inter alia,  a Delaware,  Kansas and Missouri marketing company that specializes in lead generation and pass-through direct calling by and through the use of automatic dialing systems and robocalls, with its principal offices located at 6800 W. 115th St., Ste. 2511, Overland Park, Kansas, and is also listed as a foreign company in the State of Missouri, with its Missouri offices located in Jefferson City, Missouri, and its registered agent listed as Cogency Global Incorporated, 221 Bolivar St., Jefferson City,

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:05 PM

Missouri, 65101, and is personally and directly responsible, in concert with its corporate officers,

agents, affiliates, and partners, Defendant's  Danker, InsideResponse, Hazen, Nohe, Kauk,

Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does,  LTC Does and AFS/AIP Does

for promulgating policies and procedures which encourage, entice,  condone and ratif, calls to

and from this District to numbers on the Missouri federal no call lists, just as it did with the

Plaintiff.[1]

       8.      Defendant Timothy Danker is the Chief Executive Officer of SelectQuote, Inc.,

with his principal offices located at 6800 W. 115th St., Ste. 2511, Overland Park, Kansas, and is

personally and directly responsible for promulgating policies, practices and procedures and

overseeing call center operations which condone, entice, encourage and ratify illegal

telemarketing calls to and from this district to telephone numbers on the Missouri and federal no

call list, just as they did with the Plaintiff.

       9.      Defendant Inside Response, LLC, is a Kansas based limited liability marketing

and real time click through lead generation company, which also does business as

Leadstoclose.com, companies that specialize in lead generation and pass-through direct calling

by and through, or with the aid, assistance and use of automatic dialing systems and robocalls,

with its principal offices located at 6800 W. 115th St., Ste. 2511, Overland Park, Kansas, and is

also listed as a foreign company in the State of Missouri, with its Missouri offices located in

Harrisonville, Missouri, and its registered agent listed as Cogency Global Incorporated, 9666

Olive Blvd., Ste 690, St. Louis, Missouri, 63132, and is directly responsible, in concert with its

---

[1] On 03/05/2020 Defendant SelectQuote, Inc. acquired Defendant InsideResponse, LLC from Defendant's Danker, William Grant III, Hazen and Robert Grant for $65 millions dollars on February 12, 2020. See https://www.marketscreener.com/quote/stock/ SELECTQUOTE...That acquisition was reflected in there Missouri Secretary of State filing for InsideResponse, LLC on May31, 2022, See mo.sos.gov/FL1179358.

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:05 PM

corporate officers, agents, or affiliates, Defendant's Selectquote, Danker, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does,  LTC Does and AFS/AIP Does for promulgating policies and procedures which encourage, entice, condone, and ratify illegal telemarketing calls to and from this District to numbers on the Missouri and Federal no call list, just as it did with the Plaintiff.

10.     Defendant Eric G. Hazen is a Kansas resident and the founder and CEO of AFS d/b/a AIP, Leadstoclose.com, and InsideResponse, LLC, all companies of which were merged and/or purchased by SelectQuote, Inc. and is personally and directly responsible for the promulgation and enforcement of policies and procedures for each company that encourage, entice, condone and ratify illegal telemarketing calls being made from this District and to this District on behalf of Inside Response, Leadtoclose.com, Allied Financial Services, Allied Insurance Partners, and  SelectQuote  to phone numbers registered on the federal and Missouri do not call registry, just as it did with the Plaintiff.

11.     Defendant Trevor Nohe is the President of Inside Response, LLC, d/b/a LeadstoClose.com, a Kansas and Missouri Limited Liability company with its principal office located at 9200 Ward Parkway, Ste. 350, Kansas City, Mo. 64114, and is directly and personally responsible for the promulgation and enforcement of corporate policies that encourage, entice, condone and ratify illegal telemarketing calls being made from this District and to this District on behalf of Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does,  LTC Does and AFS/AIP Does  to phone numbers registered on the federal do not call registry, just as it did with the Plaintiff.

12.     Defendant Blake Kauk is the Chief Operating Officer of InsideResponse, LLC, d/b/a LeadstoClose.com, a Kansas and Missouri Limited Liability company with its principal

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:05 PM

office located at 9200 Ward Parkway, Ste. 350, Kansas City, Mo. 64114, and is directly and personally responsible for the promulgation and enforcement of corporate policies that encourage, entice, condone and ratify illegal  telemarketing calls being made from this District and to this District on behalf of Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does,  LTC Does and AFS/AIP Does, to phone numbers registered on the federal do not call registry, just as it did with the Plaintiff.

13.    Defendant Paul Richardson is the President of Calls and Transfers for Inside Response, LLC, d/b/a LeadstoClose.com, a Kansas and Missouri Limited Liability company with its principal office located at 9200 Ward Parkway, Ste. 350, Kansas City, Mo. 64114, and is directly and personally responsible for the promulgation and enforcement of corporate policies that encourage, entice, condone and  ratify illegal telemarketing calls being made from this District and to this District on behalf of Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does,  LTC Does and AFS/AIP Does, to phone numbers registered on the Missouri and federal do not call registry, just as it did with the Plaintiff.

14.    Defendant Ryan Wasinger is the President of Clicks and leads for Inside Response, LLC, d/b/a LeadstoClose.com, a Kansas and Missouri Limited Liability company with its principal office located at 9200 Ward Parkway, Ste. 350, Kansas City, Mo. 64114, and is directly and personally responsible for the promulgation and enforcement of corporate policies that encourage, entice, condone and ratify illegal telemarketing calls being made from this District and to this District on behalf of Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does,  LTC Does

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:05 PM

and AFS/AIP Does  to phone numbers registered on the federal do not call registry, just as it did with the Plaintiff.

15.     Defendant Allied Financial Services, LLC, d/b/a Allied Insurance Partners, and is a Leawood Kansas company with its principal offices located at 2020 89th St. Fl 2, Leawood Kansas, and is registered in Missouri as a foreign company (hereinafter "AFS" and "AIP"), doing business in St. Louis County, Missouri, with its principal Missouri offices located at 1241 W 58th St., Kansas City, MO. 64113 and is an agent, vendor, and/or employee of Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, and provides telemarketers it employs for the above defendants, which are the companies that make cause to make telemarketing calls from this District and to this District on behalf of each of the Defendant's, including, inter alia, Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does,  LTC Does and AFS/AIP Does,  just as it did with the Plaintiff. Additionally, AFS and its corporate officers are directly and personally responsible for the promulgation and enforcement of corporate policies that encourage, entice, condone and ratify  its illegal telemarketing calls being made from this District and to this District on behalf myriad other Insurance Companies, in concert with  Inside Response, Leadtoclose.com, and SelectQuote and  to phone numbers registered on the federal do not call registry, just as it did with the Plaintiff.

16.  Defendants John and Jane Does 1 through 50 are unknown telemarketers for Defendant SelectQuote, Inc., a Kansas and Missouri marketing company that specializes in lead generation and pass-through direct calling for its clients by and through the use of automatic dialing systems and robocalls, with its principal offices located at 6800 W. 115th St., Ste. 2511, Overland Park, Kansas, and is also listed as a foreign company in the State of Missouri, with its

Missouri offices located in Jefferson City, Missouri, and its registered agent listed as Cogency Global Incorporated, 221 Bolivar St., Jefferson City, Missouri, 65101, and is personally and directly responsible, in concert with its corporate officers, Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does,  LTC Does and AFS/AIP Does for promulgating policies and procedures which encourage, entice, condone and ratify illegal telemarketing calls to and from this District to numbers on the Missouri and  federal no call list, just as it did with the Plaintiff.

17. Defendants John and Jane Does 1 through 50 are unknown telemarketers for Defendant Inside Response, LLC, d/b/a LeadtoClose.com a Kansas and Missouri marketing company that specializes in lead generation and pass-through direct calling for its clients by and through the use of automatic dialing systems and robocalls, with its principal offices located at 6800 W. 115th St., Ste. 2511, Overland Park, Kansas, and is also listed as a foreign company in the State of Missouri, with its Missouri offices located in Jefferson City, Missouri, and its registered agent listed as Cogency Global Incorporated, 9200 Ward Pkwy, Ste., 350, Kansas City, Mo. 64114, and is personally and directly responsible, in concert with its corporate officers, sgernts, and affiliates, Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does,  LTC Does and AFS/AIP Does for promulgating policies and procedures which encourage, entice, condone, and ratify illegal telemarketing  calls to and from this District to numbers on the Missouri and federal no call list, just as it did with the Plaintiff.

18. Defendant's John and Jane Doe Telemarketers 1 through 50 are unknown telemarketers for Defendant Allied Financial Services, LLC, d/b/a Allied Insurance Partners, with its principal offices located at 2020 89th St. Fl 2, Leawood, KS 66206, and is registered as a

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:05 PM

foreign company in Missouri, with its offices located at Allied Financial Services, LLC,1241 W 58th Street, Kansas City, MO 64113 and is personally and directly responsible, in concert with corporate officers, Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does, and  LTC Does  for promulgating policies and procedures which encourage, entice, condone, and ratify illegal telemarketing  calls to and from this District to numbers on the Missouri and federal no call list, just as it did with the Plaintiff.

Jurisdiction and Venue

19.     This Court also has pendant jurisdiction over the State claims for deceptive marketing and unlawful business practices under the Missouri Merchandising Practices Act § 407.010, et seq., ("MMPA" and "MDNC") in accord with Section 407.010 et seq, RSMo, and concurrently under 28 U.S.C. 1367. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC,* 132 S. Ct. 740 (2012).

20.     This Court has personal jurisdiction over the Defendants because they either reside in this District and/or made the calls into this District.

21.     Venue is proper in accord because all calls were made into this Circuit Court's jurisdiction and concurrently with 28 U.S.C 1391(b) because the calls at issue were made into this District and/or from this District.

TCPA Background

22.     In 1991 Congress enacted the TCPA to regulate explosive growth of the telemarketing industry. In so doing, Congress recognized that "[un]restricted telemarketing . . . can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. 102-243 § 2(5)(1991)(codified at 47 U.S.C. §227).

23.     The National Do Not Call Registry (the "Registry") allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.P.R.§ 64.1200(c)(2).

24.     A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

25.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. 227(c) (5); 47 C.F.R. 64.1200 (c)(2).

III.     Factual Allegations

26.     Defendant's AFS and AIP are licensed Insurance companies and lead generation companies that gather and sell insurance leads, participate in click through marketings, and sell and broker insurance policies, which indemnify policy holders for incidents such as car accidents, natural disasters, as well as target, market and sell supplement insurance policies to elderly senior citizens on Medicare.

27.     To generate leads, Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, and AIP, employs, one another and other lead and marketing partners, then hides behind a labyrinth of telemarketing companies, their affiliated companies, and each of  their agents and vendors which operate under fictitious names, dissolved names, merged names, and a web of deceptive names, d/b/a's,deceptive practices, websites and other mass telephone marketing strategies to secrete, insulate, and conjure a deceptive marketing scheme which provides a nearly impenetrable web of shell companies in order to achieve, on its

12

face, what appears as plausible deniability for their illegal actions, which includes directly and indirectly Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does,  LTC Does and AFS/AIP Doe  and its employees and/or agents, to order to make unlawful random and robocall generated telemarketing calls to consumers on the Missouri  federal do not call registry who have never had a relationship with, and who never consented to receive their calls in violation of both 47 U.S.C. 227(c) (5); 47 C.F.R. 64.1200 (c)(2), and the deceptive marketing prohibitions protected under the Missouri Merchandising Practices Act, Section 407.010 et seq. RSMo.

28.     In the course of exhausting a lead or having no success converting a lead into sales, Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, and AIP, then pass the lead off to one another or sell the exhausted and unscrubbed lead to a competitor for second, third, fourth, and even fifth attempts for lead conversion.

29.     These tactics can cause a single consumer to receive hundreds of calls collectively from Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does,  LTC Does and AFS/AIP Doe, even though the person is on the no call registries and did not provide express written consent for the call.

30.     Plaintiff is and was at all times mentioned herein, a "person" as defined by 47 U.S.C. §153(39).

31.     Plaintiffs telephone number (the "Number"), 314-915-XXXX, is on the National Do Not Call Registry and Missouri Do Not Call registry, and has been continuously since June 2022.

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:05 PM

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:05 PM

32.     Despite this, Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does,  LTC Does and AFS/AIP Doe   and its employees and/or agents, all approved, ratified and sanctioned by Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP,  and AFS d/b/a AIP corporate officer's  policies, practices and procedures, placed more than fifteen  unsolicited telemarketing calls to Mr. Human beginning on October 12, 2022, when three (3) calls were made from a telephone number on registered in Creve Coeur, Missouri and one telemarketer identified themselves as Alexandria, who solicited Mr. Human to purchase an Insurance Policy.

33.     The Plaintiff did not answer the first telemarketing call, and the caller left a message that they were agents of Allied Partners Insurance, which is an unregistered fictitious name of d/b/a utilized by Allied Financial Services, which operates out of Kansas.[2]

34.     Despite that, and the fact that he was on the Missouri and National Do Not Call Registry, Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does,  LTC Does and AFS/AIP Doe and its employees and/or agents, made another series of illegal  telemarketing calls to the Plaintiff hours later that same day, and several calls to Plaintiff over the next three weeks, all originating from Creve Coeur, and St. Louis County, Missouri. During the calls the unknown telemarketer solicited Mr. Human to purchase an insurance policy for health and auto insurance coverage.

35.     On October 12, 2022, at 2:40 p.m., the Plaintiff then received another call from an unknown telemarketer from Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe,

---

[2] On more than three occasions in later calls, the telemarketers refused to identify their last names, but admitted that AIP is actually Allied Financial Services and InsideResponse, which is owned by SelectQuote, Inc.and that they received Plaintiff's contact information through Leadstoclose.com – another company owned by Eric Hazen.

Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does,  LTC Does and AFS/AIP Doe and its employees and/or agents, who identified themselves as Allied Insurance Partners and again the unknown telemarketer solicited Mr. Human to purchase an insurance policy for health and automobile coverage.

36.     On October 14, 2022, at 4:24 p.m., the Plaintiff then received another call from a telemarketer who identified themselves as "Shay", an AFS/AIP agent or employee and again the telemarketer solicited Mr. Human to purchase an insurance policy for health and automobile coverage.

37.     On October 15, 2022, at 2:55 p.m., the Plaintiff then received another call from Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does,  LTC Does and AFS/AIP Doe and its employees and/or agents telemarketer, who identified themselves as "Pamela" from Defendan'st AIP and InsideResponse and again the  telemarketer solicited Mr. Human to purchase an insurance policy for health and automobile coverage.

38.     On October 23, 2022, at 10:40 a.m., the Plaintiff then received another call from Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does,  LTC Does and AFS/AIP Doe and its employees and/or agents telemarketer from 314-272-4816, who identified themselves as "Leona" and again solicited Mr. Human to purchase an insurance policy for health and automobile coverage.

39.     On October 23, 2022, at 1:40 p.m., the Plaintiff then received another call from Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does,  LTC Does and AFS/AIP Doe and its employees and/or agents telemarketer from 314-724-816X, who refused to identify themselves and upon

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:05 PM

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:05 PM

information and belief is an employee or agent of AFS d/b/a AIP, InsideResonse and

Selectquote, and again Defendant "Jane Doe" telemarketer solicited Mr. Human to purchase an

insurance policy  for various coverage.

40.     On October 24, 2022, at 9:45 a.m., the Plaintiff  received another call from

Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger,

IRLTC, AFS, AIP, SQI Does, IR Does,  LTC Does and AFS/AIP Doe and its employees and/or

agents telemarketer from 314-272-4816, who identified themselves as "Michele" and again the

Defendant Michele Doe telemarketer solicited Mr. Human to purchase an insurance policy for

health and automobile coverage.

41.     On October 24, 2022, at 3 p.m., the Plaintiff then received yet another call from

an Defendant AIP, InsideResponse, and SelectQuote telemarketer from 314-272-4816, who

identified themselves as "Misty" and again the Defendant Misty Doe telemarketer solicited Mr.

Human to purchase an insurance policy for health and automobile coverage.

42.     Thereafter, after AFS and AIP exhausted their efforts to convert calls to Plaintiff

into sales, Defendant's LeadsToClose and InsideResponse then sold or transferred the Plaintiff's

phone number to Defendant SelectQuote, whereupon  the Plaintiff received an additional thirteen

calls from Defendant's Selectquote, which were ratified by Defendant's Danker, InsideResponse,

Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does,  LTC Does

and AFS/AIP Doe, whereupon they persistently soliciting him to purchase insurance policies.

The calls are detailed as follows:

| | | |
|---|---|---|
| 1/6/23 | 12:39 PM (Jerry) | 314-714-5143 |
| 1/6/23 | 1:03 PM (Cheyenne) | 314-274-3802 |
| 1/6/23 | 2:10 PM (Brandy) | 314-274-3802 |
| 1/7/23 | 10:40 AM | 314-714-5143 |

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:05 PM

| | | |
|---|---|---|
| 1/7/23 | 2:18 PM | Same |
| 1/8/23 | 11:17 AM (Brandy) | same |
| 1/9/23 | 2:40 PM | same |
| 1/9/23 | 4:28  PM | same |
| 1/12/23 | 3:40 PM (James) | same |
| 1/14/23 | 10:50 AM (Myla) | 314-274-3802 |
| 1/14/23 | 10:53 AM (Myla) | same |
| 1/17/23 | 10:34 AM | same |
| 1/18/23 | 11:46 AM | same |

43.    Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does,  LTC Does and AFS/AIP Doe and its employees and/or agents persistently solicited Mr. Human to purchase insurance policies, despite the fact that he is registered on the Missouri and  Federal Do Not Call registry and has been for several months prior to their unsolicited marketing calls to his private, personal cell phone, and without any record of Mr. Human's written consent to these illegal marketing calls.

44..    Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does,  LTC Does and AFS/AIP Doe and its employees and/or agents made, and continue to make, these illegal telemarketing calls to individuals throughout the United States without their prior written express consent to do so, and continue to mislead consumers about their identity while so doing.

45.    During all of these calls, there was a significant pause and click before Defendants' representative started speaking, which is a telltale sign that Defendants used a predictive dialer to make the call:

> Predictive dialers initiate phone calls while telemarketers are talking to
> other consumers . . . In attempting to "predict" the average time it takes

for a consumer to answer the phone and when a telemarketer will be free
to take the next call, predictive dialers may either "hang-up" on consumers
or keep the consumer on hold until connecting the call to a sales
representative, resulting in what has been referred to as "dead air."

*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 2003 Report and Order*, CG Docket No. 02-278, FCC 03-153, ¶ 146, 18 FCC Rcd. 14014, 14101, 2003 WL 21517853, *51 (July 3, 2003), *available at* http://hraunfoss.fcc.gov/edocs _public/attachmatch/FCC-03-153A1.pdf ("*2003 Report and Order*").

46.    The Defendant's placed most, if not all calls alleged in this complaint with one or more predictive dialers. Predictive dialers constitute an automatic telephone dialing system; they are capable of storing, producing, and dialing any telephone number, and are capable of storing, producing, and dialing telephone numbers using a random or sequential number generator. Further, no human manually entered Plaintiff and Class members' cellular telephone number when Defendants made the calls alleged below. Rather, the predictive dialer(s) electronically dialed Plaintiff and Class members' cellular telephones in an automated fashion. The predictive dialers otherwise constitute an "automatic telephone dialing system" under the meaning of 47 U.S.C. § 227(a)(1).

47.    None of the telephone calls alleged in this complaint constituted calls for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

48.    Plaintiffs' privacy has been violated by the above-described telemarketing calls.

49.    The Plaintiff never provided his written consent or requested these calls.

50.    Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendants because their privacy has been violated, they were annoyed and harassed.

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:05 PM

51.     In addition, the calls occupied their telephone lines, rendering them unavailable for legitimate communication, caused wear and tear on the phones, degradation to his battery life, and caused him to incur fees from his telephone provider.

A.      **The Missouri Merchandising Practices Act**

52.     The Plaintiff realleges and incorporates the above paragraphs as if fully set forth herein.

53.     Section 407.020, RSMo provides in pertinent part:

The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale ***or advertisement*** of any merchandise in trade or commerce or the solicitation of any funds for any charitable purpose, as defined in section 407.453, in **or from** the state of Missouri, is declared to be an unlawful practice… Any act, use or employment declared unlawful by this subsection violates this subsection whether committed before, during or after the sale, advertisement, or solicitation.

54.     Section 407.025.1 provides in pertinent part:

Any person who purchases or leases merchandise primarily for any personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 407.020 may bring a private civil action in either the circuit court of the county in which the seller or lessor resides or in which the transaction complained of took place, to recover actual damages. The court may, in its discretion, award punitive damages and may award to the prevailing part attorney's fees, based on the amount of time reasonably expended, and may provide such equitable relief as it deems necessary or proper.

55.     Section 407.010(4) defines "merchandise" as any objects, wares, goods, commodities intangibles, real estate, or services. This definition of merchandise includes insurance policies advertised and sold by Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does, LTC Does and AFS/AIP Doe and its employees and/or agents and its employees and/or agents.

56.    Pursuant to authority granted it in §407.145, the Attorney General has promulgated rules explaining and defining terms utilized in §407.020 of the Merchandising Practices Act. Said rules are contained in the Missouri Code of State (hereinafter "CSR"). The rules relevant to the Merchandising Practices Act allegations herein include, but are not limited to, the provisions of the CSR.

57.    15 CSR 60-8.010 provides the following definitions:

(1)(B) Consumer shall include any person (as defined in section 407.010.5RSMo) who purchases, may purchase, or is solicited for purchase of merchandise. (1)(E) Good faith shall mean honesty in fact and the observance of reasonable commercial standards of fair dealing in the trade. 15 CSR 60-8.020 provides that:

An unfair practice is any practice which-

(A) Either-

1. Offends any public policy as it has been established by the Constitution, **statutes or common law of this state, or by the Federal Trade Commission**, or its interpretive decisions; or

2. Is unethical, oppressive, or unscrupulous; and

(B) Presents a risk of, or causes, substantial injury to consumers.

58.    15 CSR 60-8.040 provides that:

(1) It is an unfair practice for any person in connection with the advertisement or sale of merchandise to violate the duty of good faith in solicitation, negotiation and performance, or in any manner fail to act in good faith.

59.    15 CSR 60-8.090 provides that:

(1) It is an unfair practice for any person in connection with the advertisement or sale of merchandise to engage in any method, use or practice which-
        (A) Violates state or federal law intended to protect the public; and
        (B) Presents a risk of, or causes substantial injury to consumers.

60.    15 CSR 60-9.010 provides that:

(1)(C) Material fact is any fact which a reasonable consumer would likely consider to be important in making a purchasing decision, or which would be likely to induce a person to manifest his/her assent, or which the seller knows would be likely to induce a particular consumer to manifest his/her assent, or which would belikely to induce a reasonable consumer to act, respond or change his/her behavior in any substantial manner.

61.    15 CSR 60-9.020 provides that:

(1) Deception is any method, act, use, practice, advertisement or solicitation that has the tendency or capacity to mislead, deceive or cheat, or that tends to create a false impression.

(2) Reliance, actual deception, knowledge of deception, intent to mislead or deceive, or any other culpable, mental state such as recklessness or negligence

(1)(B) Consumer shall include any person (as defined in section 407.010.5RSMo) who purchases, may purchase, or is solicited for purchase of merchandise. (1)(E) Good faith shall mean honesty in fact and the observance of reasonable
commercial standards of fair dealing in the trade. 15 CSR 60-8.020 provides that:

An unfair practice is any practice which-

(A) Either-

1. Offends any public policy as it has been established by the Constitution, statutes or common law of this state, or by the Federal Trade Commission, or its interpretive decisions; or

2. Is unethical, oppressive, or unscrupulous; and

(B) Presents a risk of, or causes, substantial injury to consumers.

 Deception may occur in securing the first contact with a consumer and is not cured even though the true facts or nature of the advertisement of offer for sale are subsequently disclosed.

62.    15CSR 60-9.030 provides that:

(1) It is deception for any person in any advertisement or sales presentation to use any format which because of its overall appearance had the tendency or capacity to mislead consumers.

63.    15 CSR 60-9.060 provides that:

(1) False promise is any statement or representation which is false or misleading as the maker's intention or ability to perform a promise, or likelihood the promise will be performed.
(2) Reliance and injury are not elements of false promise as used in section 407.20.1, RSMo.

64.    15 CSR 60-9.070 provides that:

(1) A misrepresentation is an assertion that is not in accord with the facts.
(2) Reliance, knowledge that the assertion is false or misleading, intent to defraud, intent that the consumer rely upon the assertion, or any other culpable [capable in origin] mental state such a recklessness or negligence, are not elements of misrepresentation as used in section 407.020.1.

65.    15 CSR 60-9.080 provides that:

(1) It is a misrepresentation for any person in connection with the advertisement or sale of merchandise to omit to state a material fact necessary in order to make statements made in light of the circumstances under which they are made, not misleading.

66.    15 CSR 60-9.110 provides that:

(1) Concealment of a material fact is any method, act, use or practice which operates to hide or keep material facts from consumers.
(2) Suppression of a material fact is any method, act, use of practice which is likely to curtail or reduce the ability of consumers to take notice of material facts which are stated.
(3) Omission of a material fact is any failure by a person to disclose material facts know to him/her, or upon reasonable inquiry would be known to him/her.
(4) Reliance and intent that others rely upon such concealment, suppression or omission are not elements of concealment, suppression or omission as used in section 407.020.1.

67.    Pursuant to § 407.020 RSMo (Merchandising Practices Act), it is an unlawful practice to use deception, fraud, false pretense, false promise, misrepresentation, or unfair practice, or to conceal, suppress, or omit any material fact in connection with the sale or advertisement of any merchandise in trade or commerce.

68.    Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does,  LTC Does and AFS/AIP Doe and its employees and/or agents and its employees and/or agents, by and through its employees and agents, used deception, fraud, false pretense, false promise, misrepresentation, or unfair practice,

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:05 PM

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:05 PM

or concealed, suppressed, or omitted a material facts in connection with the unwanted solicitations made to his number listed on the do not call registry and car sales by engaging in the following:

a.      Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does,  LTC Does and AFS/AIP Doe and its employees and/or agents and its employees and/or agents and other unknown telemarketers acting on their behalf, by and through the aid and assistance of the SelectQuote, InsideResponse, AFS/AIP and LeadstoClose.com paradigm and labyrinth of websites, dissolved companies, and telemarketers, as created and marketed by these Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS and AIP and its employees and/or agents through the aid, assistance and use of predictive dialers, robo-calls and ATDS dialing systems owned and operated by the collective Defendant's to facilitate unsolicited calls to the MDNC, DNC and ATDS classes, with the specific intent to deceive persons on the no call list to believe that they would not receive telemarketing calls.

b.      By falsely and deceptively misidentifying both the telemarketers identity and their company origin to deliberately misrepresent that they were actually employees of Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS and AIP,  and its employees and/or agents, instead of telemarketers acting as an agent and/or vendor on the Defendants behalf in an effort to mislead the Plaintiff into the disclosure of his personal and private information, when he might not otherwise have considered such disclosure to a third party and/or vendor.

c.      By deceptively using company names and d/b/a's and deliberately concealing company identities throughout the myriad calls, that have been legally dissolved, to dissuade consumers and persons on the Missouri and federal no call list from pursuing lawful claims under the TCPA, Missouri Telemarketing Law and MMPA for knowingly deceptive marketing practices, and rendering the websites inoperable unless the Plaintiff provided his phone number.

d.      By then Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does, LTC Does and AFS/AIP Doe and its employees and/or agents having a meeting of the minds and agreeing to illegally provide Plaintiffs phone number, thereafter providing it to countless other telemarketers so they could illegally call Plaintiff's phone, clearly registered on the no call lists, although Plaintiff did not have a relationship with those Defendants and did not provide those Defendants with written permission to call him

e.      The badgering of the Plaintiff with myriad unwanted telemarketer solicitations by phone and text to insurance policies, when all he sought, and believed he would receive, was an anonymous right to privacy.

f.      Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, and AIP and its employees and/or agents to hire the other Defendants, who they knew or reasonably should have known were making calls to the 244.3 million people listed on the federal do not call registry in an effort to conceal the identity of the telemarketers, and provide the Defendants with a false and misleading façade of plausible deniability, when they are 100% culpable and funded the illegal calls and texts to the Plaintiff and others similarly situated on the

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:05 PM

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:05 PM

federal no call registry, ratified the calls and provided substantial aid and assistance to the telemarketers to complete the calls by supplying them with the necessary equipment to do so.

g.      By "spoofing" area codes to show as a local area code to increase the likelihood that the Plaintiff would believe that it was a local call for legitimate purposes, instead of an unsolicited marketing or solicitation call from Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does,  LTC Does and AFS/AIP Doe and its employees and/or agents and its employees and/or agents their agents, vendors by and through the aid and assistance of the robo-call and ATDS dialing systems.[3]

h.      As a direct result of the deceptions, false pretense, misrepresentation, unfair and fraudulent practices, concealment, and omission of these material facts of Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does,  LTC Does and AFS/AIP Doe and its employees and/or agents and its employees, vendors and other unknown telemarketers on their behalf, by and through the aid and assistance of the robo-call and ATDS dialing systems, the Plaintiff has suffered continuing harassment, humiliation, loss of sleep, depression, mental fatigue, a reprimand from his employer and loss of thousands of dollars in bonus opportunities, concrete injuries to his privacy right and rights to seclusion, his mental

---

[3] Telemarketers cause a local number to appear on the recipients' caller ID in order to deceptively increase the likelihood that the recipient will pick up the call. For example, Velocify, offers automated outbound dialer software that gives users the ability to "[o]perate like a local business and boost contact rates by calling prospects from their own area code." *See* http://pages.velocify.com/rs/522-DJL-243/images/velocify-pulsecommunication.

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:05 PM

health and wellbeing, and other monetary damages, warranting treble and punitive damages.

**THE MISSOURI TELEMARKETING LAW**

69.    Mo. Rev. Stat. § 407.1076 provides in pertinent part:

It is an unlawful telemarketing act or practice for any seller or telemarketer to engage in the following conduct:

(3)    <u>Cause the telephone to ring or engage any consumer in telephone conversation repeatedly or continuously in a manner a reasonable consumer would deem to be annoying, abusive or harassing;</u>

(4)    Knowingly and willfully initiate a telemarketing call to a consumer, or transfer or make available to others for telemarketing purposes a consumer's telephone number when that consumer has stated previously that he or she does not wish to receive solicitation calls by or on behalf of the seller unless such request has been rescinded.

70.    MO Rev. 407.1104 provides in pertinent part:

1.    Any person or entity who makes a telephone solicitation to any residential subscriber in this state shall, at the beginning of such solicitation, state clearly the identity of the person or entity initiating the solicitation.

2.    No person or entity who makes a telephone solicitation to a residential subscriber in this state shall knowingly use any method to block or otherwise circumvent any subscriber's use of a caller identification service.

71    .In each of the illegal calls alleged supra, Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does,  LTC Does and AFS/AIP Doe and its employees and/or agents and its employees, vendors and other unknown telemarketers on their behalf, caused Plaintiff's phone to ring and engaged him repeatedly and continuously in conversations and telemarketing solicitations which he found to be abusive, annoying and harassing, and interrupted in right to seclusion and privacy.

**Class Action Allegations**

72.    As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

A.    Class Definition: Plaintiff seeks to certify a class and brings this Complaint against the Defendants, pursuant to Federal Rule of Civil Procedure 23, on behalf of herself and the following Classes:

**Robocall Class and Automatic Telephone Dialing System Class:**

All persons in the United States who received any unsolicited telephone calls from Defendants or their agents on their cellular phone service through the use of any automatic telephone dialing system or artificial or pre-recorded voice system, which telephone calls by Defendants or their agents were not made for emergency purposes or with the recipients' prior express consent, within four years prior to the filing of this Complaint.

**Do Not Call Class ("DNC Class")**:
All persons in the United States (1) who had his or her telephone number(s) registered with the national Do-Not-Call registry for at least thirty days; (2) who received more than one telephone call made by or on behalf of Defendants that promoted solar energy products or services products or services; (3) within a 12-month period; and (4) for whom Defendants had no current record of consent to place such calls to him or her.

**Missouri Do Not Call Class ("MDNC Class")**:
All persons in the State of Missouri (1) who had his or her telephone number(s) registered with the Missouri Do-Not-Call registry for at least thirty days; (2) who received more than one telephone call or text made by or on behalf of Defendants that promoted insurance policies products or services; (3) within a 12-month period; and (4) for whom Defendants had no current record of consent to place such calls to him or her.

This is referred to as the "Classes".

73.    Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:05 PM

74.    The Class as defined above are identifiable through phone records and phone number databases.

75.    The potential members of the Class number at least in the thousands.

76.    Individual joinder of these persons is impracticable.

77.    Plaintiff is a member of the Class.

78.    There are questions of law and fact common to Plaintiff and the proposed Class, including, but not limited to the following:

(a) whether the Defendants systematically made multiple telephone calls to members of the Missouri and National Do Not Call Registry Classes;

(b) whether Defendants made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

(c) whether the Defendants made the above-call using a predicitive dialer, robo-calls, and ATDS.

(d)  whether Defendants conduct constitutes violations of the TCPA and Missouri Telemarketing Laws;

(e) whether the Defendants misrepresentations, omissions, and other deceptive marketing practices constitutes a violation of the MMPA.

(f) whether the Defendant's were using spoofing technology to interfere with Plaintiff's ability to utilize his caller ID to determine the validity of the call.

(g) whether the Defendant's illegal telemarketing calls caused wear and tear on his phone equipment, caused degradation to his phone battery life, and made him incur phone provider fees.

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:05 PM

(f) whether members of the Class are entitled to treble damages based on the willfulness of Defendants conduct.

79.    The Plaintiffs' claims are typical of the claims of members of the Class.

80.    Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he and he has hired counsel skilled in class action litigation, including TCPA class actions.

81.    Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents, vendors, and sub-contractors.

82.    The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**FIRST CAUSE OF ACTION:**
**Violation of the TCPA Against All Defendants**
**by Plaintiff Individually and on Behalf of the Robocall and ATDS Classes**

83.    The Plaintiff repeats the prior allegations of this Complaint and incorporates them herein by reference.

84.    The foregoing acts and omissions of Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does,  LTC Does and AFS/AIP Does and its employees and/or agents their agents, vendors and other unknown telemarketers on their behalf, by and through the aid and assistance of the robo-call and ATDS dialing systems constitute numerous and multiple violations of the TCPA, 47

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:05 PM

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:05 PM

U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

85.    Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does,  LTC Does and AFS/AIP Does  and its employees and/or agents their agents, vendors and other unknown telemarketers violations were negligent, willful, or knowing.

86.    As a result Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does,  LTC Does and AFS/AIP Does and its employees and/or agents their agents, vendors and other unknown telemarketers on their behalf, by and through the aid and assistance of the robo-call and ATDS dialing systems violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for every call made, and treble damages of $15,000.00 per call.

87.    Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendants behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

Prayer for Relief

**WHEREFORE**, Plaintiff individually and on behalf of the Class, prays for the and its employees and/or agents their agents, vendors and other unknown telemarketers on their behalf and its employees and/or agents their agents, vendors and other unknown telemarketers on their behalf:

a.    Certification of the proposed Class;

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:05 PM

b.      Appointment of the Plaintiff as a representative of the Class.

c.      Appointment of Class Counsel, if the Court deems necessary.

d.      A declaration that the Defendants and/or their affiliates, agents, and/or other related entities' actions complained of herein violated the TCPA;

e.      Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendants behalf from making calls, except for emergency purposes, to any residential number listed on the National Do Not Call Registry in the future.

f.      An award to Plaintiff and the Class of damages, as allowed by law; including treble damages for the Defendants flagrant and repeated violation of Federal Law; and

g.      Orders granting such other and further relief as the Court deems just, proper, and equitable in the circumstances.

**SECOND CAUSE OF ACTION:**
**Violations of the TCPA Against All Defendants**
**by Plaintiff Individually and on Behalf of the DNC Class**

88.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint. Plaintiff asserts this claim on behalf of himself and members of the Do Not Call Registry Class.

89.     47 U.S.C. §227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

90.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:05 PM

person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

91.    47 C.F.R. § 64.1200 (e), provides that § 64.1200 (c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, 'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,'" which the Report and Order, in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.

Report and Order at ¶ 167.

92.    Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does,  LTC Does and AFS/AIP Does and its employees and/or agents their agents, vendors and other unknown telemarketers on their behalf violated 47 C.F.R. § 64.1200 (c) by initiating telephone solicitations to wireless and residential telephone subscribers such as Plaintiff and the Class members who registered their respective telephone numbers on the national Do-Not-Call registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

93.    These individuals requested not to receive calls from Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does,  LTC Does and AFS/AIP Does  and its employees and/or agents their agents,

vendors and other unknown telemarketers on their behalf, as set forth in 47 C.F.R. § 64.1200 (d)(3).

94.    Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does,  LTC Does and AFS/AIP Does and its employees and/or agents their agents, vendors and other unknown telemarketers on their behalf made more than 20 unsolicited telephone calls to Plaintiff and members of the Class within a 12-month period without their prior express consent to receive such calls. Plaintiff and members of the Class never provided any form of consent to receive telephone calls from Defendants and/or Defendants do not have a current record of consent to place telemarketing calls to them.

95.    Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does,  LTC Does and AFS/AIP Does and its employees and/or agents their agents, vendors and other unknown telemarketers on their behalf violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Class received more than one telephone call within a 12-month period made by or on behalf of the Defendants in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendants' conduct as alleged herein, Plaintiff and the Class suffered actual damages and, under section 47 U.S.C. § 227(c), are each entitled, inter alia, to receive up to $1,500 in damages for such violations of § 64.1200.

96.    To the extent Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does,  LTC Does and AFS/AIP Does and its employees and/or agents their agents, vendors and other unknown telemarketers on their behalf's misconduct is determined to be willful and knowing, the Court should, pursuant to

47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Class in the amount of $6,000.00 per call.

97.     Plaintiff brings this action as a private attorney general, and to vindicate and enforce an important right affecting the public interest. Plaintiff is therefore entitled to an award of attorneys' fees for bringing this action.

WHEREFORE, Plaintiff prays that the Court enter judgment and orders in his favor and against Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does, LTC Does and AFS/AIP Does and its employees and/or agents their agents, vendors and other unknown telemarketers on their behalf as follows:

a.     An order certifying the classes, directing that this case proceed as a class action, and appointing Plaintiff and her counsel to represent the classes;

b.     Judgment against Defendants, and in favor of Plaintiff and the other class members in the amount of $1,500 per violation of the TCPA as proven at trial, and $6,000.00 per call as treble damages;

c.     Equitable and injunctive relief, including injunctions enjoining further violations of the TCPA;

d.     An order granting costs and attorneys' fees; and

e.     Such other and further relief as this Court may deem appropriate.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE MISSOURI MERCHANDISING PRACTICES ACT

COMES NOW, Plaintiff and for his third cause of action against Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS,

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:05 PM

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:05 PM

AIP, SQI Does, IR Does,  LTC Does and AFS/AIP Does and its employees and/or agents their

agents, vendors and other unknown telemarketers on their behalf, states:

98.    Plaintiff realleges and incorporates the above paragraphs as if fully set forth herein.

99.    Section 407.020, RSMo provides in pertinent part:

The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale *or advertisement* of any merchandise in trade or commerce or the solicitation of any funds for any charitable purpose, as defined in section 407.453, in **or from** the state of Missouri, is declared to be an unlawful practice… Any act, use or employment declared unlawful by this subsection violates this subsection whether committed before, during or after the sale, advertisement, or solicitation.

100.    Section 407.025.1 provides in pertinent part:

Any person who purchases or leases merchandise primarily for any personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 407.020 may bring a  private civil action in either the circuit court of the county in which the seller or lessor resides or in which the transaction complained of took place, to recover actual damages. The court may, in its discretion, award punitive damages and may award to the prevailing part attorney's fees, based on the amount of time reasonably expended, and may provide such equitable relief as it deems necessary or proper.

101.    Section 407.010(4) defines "merchandise" as any objects, wares, goods, commodities intangibles, real estate, or services. This definition of merchandise includes insurance

policies advertised and sold by Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe,

Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does,  LTC Does and AFS/AIP

Doe and its employees and/or agents and its employees and/or agents.

102.    Pursuant to authority granted it in §407.145, the Attorney General has promulgated

rules explaining and defining terms utilized in §407.020 of the Merchandising Practices Act. Said

rules are contained in the Missouri Code of State (hereinafter "CSR"). The rules relevant to the

Merchandising Practices Act allegations herein include, but are not limited to, the provisions of the CSR.

103.    15 CSR 60-8.010 provides the following definitions:

(1)(B) Consumer shall include any person (as defined in section 407.010.5RSMo) who purchases, may purchase, or is solicited for purchase of merchandise. (1)(E) Good faith shall mean honesty in fact and the observance of reasonable commercial standards of fair dealing in the trade.

104.    15 CSR 60-8.020 provides that:

An unfair practice is any practice which-

(A) Either-

1. Offends any public policy as it has been established by the Constitution, **statutes or common law of this state, or by the Federal Trade Commission**, or its interpretive decisions; or

2. Is unethical, oppressive, or unscrupulous; and

(B) Presents a risk of, or causes, substantial injury to consumers.

105.    15 CSR 60-8.040 provides that:

(1) It is an unfair practice for any person in connection with the advertisement or sale of merchandise to violate the duty of good faith in solicitation, negotiation and performance, or in any manner fail to act in good faith.

106.    15 CSR 60-8.090 provides that:

(1) It is an unfair practice for any person in connection with the advertisement or sale of merchandise to engage in any method, use or practice which-
        (A) Violates state or federal law intended to protect the public; and
        (B) Presents a risk of, or causes substantial injury to consumers.

107.    15 CSR 60-9.010 provides that:

(1)(C) Material fact is any fact which a reasonable consumer would likely consider to be important in making a purchasing decision, or which would be likely to induce a person to manifest his/her assent, or which the seller knows would be likely to induce a particular consumer to manifest his/her assent, or which would belikely to induce a reasonable consumer to act, respond or change his/her behavior in any substantial manner.

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:05 PM

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:05 PM

108.    15 CSR 60-9.020 provides that:

(1) Deception is any method, act, use, practice, advertisement or solicitation that has the tendency or capacity to mislead, deceive or cheat, or that tends to create a false impression.

(2) Reliance, actual deception, knowledge of deception, intent to mislead or deceive, or any other culpable, mental state such as recklessness or negligence

(1)(B) Consumer shall include any person (as defined in section 407.010.5RSMo) who purchases, may purchase, or is solicited for purchase of merchandise. (1)(E) Good faith shall mean honesty in fact and the observance of reasonable commercial standards of fair dealing in the trade.

109.    15 CSR 60-8.020 provides that:

An unfair practice is any practice which-

(A) Either-

1. Offends any public policy as it has been established by the Constitution, statutes or common law of this state, or by the Federal Trade Commission, or its interpretive decisions; or

2. Is unethical, oppressive, or unscrupulous; and

(B) Presents a risk of, or causes, substantial injury to consumers.

 Deception may occur in securing the first contact with a consumer and is not cured even though the true facts or nature of the advertisement of offer for sale are subsequently disclosed.

110.    15CSR 60-9.030 provides that:

(1) It is deception for any person in any advertisement or sales presentation to use any format which because of its overall appearance had the tendency or capacity to mislead consumers.

111.    15 CSR 60-9.060 provides that:

(1) False promise is any statement or representation which is false or misleading as the maker's intention or ability to perform a promise, or likelihood the promise will be performed.
(2) Reliance and injury are not elements of false promise as used in section 407.20.1, RSMo.

112.    15 CSR 60-9.070 provides that:

(1) A misrepresentation is an assertion that is not in accord with the facts.
(2) Reliance, knowledge that the assertion is false or misleading, intent to defraud, intent that the consumer rely upon the assertion, or any other culpable [capable in origin] mental state such a recklessness or negligence, are not elements of misrepresentation as used in section 407.020.1.

113.    15 CSR 60-9.080 provides that:

(1) It is a misrepresentation for any person in connection with the advertisement or sale of merchandise to omit to state a material fact necessary in order to make statements made in light of the circumstances under which they are made, not misleading.

114.    15 CSR 60-9.110 provides that:

(1) Concealment of a material fact is any method, act, use or practice which operates to hide or keep material facts from consumers.
(2) Suppression of a material fact is any method, act, use of practice which is likely to curtail or reduce the ability of consumers to take notice of material facts which are stated.
(3) Omission of a material fact is any failure by a person to disclose material facts know to him/her, or upon reasonable inquiry would be known to him/her.
(4) Reliance and intent that others rely upon such concealment, suppression or omission are not elements of concealment, suppression or omission as used in section 407.020.1.

115.    Pursuant to § 407.020 RSMo (Merchandising Practices Act), it is an unlawful practice to use deception, fraud, false pretense, false promise, misrepresentation, or unfair practice, or to conceal, suppress, or omit any material fact in connection with the sale or advertisement of any merchandise in trade or commerce.

116.    Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does, LTC Does and AFS/AIP Doe and its employees and/or agents and its employees and/or agents, by and through its employees and agents, used deception, fraud, false pretense, false promise, misrepresentation, or unfair practice, or concealed, suppressed, or omitted a material facts in connection with the unwanted solicitations made to his number listed on the do not call registry and car sales by engaging in the following:

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:05 PM

a.      Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does,  LTC Does and AFS/AIP Doe and its employees and/or agents and its employees and/or agents and other unknown telemarketers acting on their behalf, by and through the aid and assistance of the SelectQuote, InsideResponse, AFS/AIP and LeadstoClose.com paradigm and labyrinth of websites, dissolved companies, and telemarketers, as created and marketed by these Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS and AIP and its employees and/or agents through the aid, assistance and use of predictive dialers, robo-calls and ATDS dialing systems owned and operated by the collective Defendant's to facilitate unsolicited calls to the MDNC, DNC and ATDS classes, with the specific intent to deceive persons on the no call list to believe that they would not receive telemarketing calls.

b.      By falsely and deceptively misidentifying both the telemarketers identity and their company origin to deliberately misrepresent that they were actually employees of Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS and AIP,  and its employees and/or agents, instead of telemarketers acting as an agent and/or vendor on the Defendants behalf in an effort to mislead the Plaintiff into the disclosure of his personal and private information, when he might not otherwise have considered such disclosure to a third party and/or vendor.

c.      By deceptively using company names and d/b/a's and deliberately concealing company identities throughout the myriad calls, that have been legally dissolved, to dissuade consumers and persons on the Missouri and  federal no call list

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:05 PM

from pursuing lawful claims under the TCPA, Missouri Telemarketing Law and MMPA for knowingly deceptive marketing practices, and rendering the websites inoperable unless the Plaintiff provided his phone number.

d.       By then Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does,  LTC Does and AFS/AIP Doe and its employees and/or agents having a meeting of the minds and agreeing to illegally provide Plaintiffs phone number, thereafter providing it to countless other telemarketers so they could illegally call Plaintiff's phone, clearly registered on the no call lists, although Plaintiff did not have a relationship with those Defendants and did not provide those Defendants with written permission to call him

e.       The badgering of the Plaintiff with myriad unwanted telemarketer solicitations by phone and text to insurance policies, when all he sought, and believed he would receive, was an anonymous right to privacy.

f.       Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, and AIP and its employees and/or agents to hire the other Defendants, who they knew or reasonably should have known were making calls to the 244.3 million people listed on the federal do not call registry in an effort to conceal the identity of the telemarketers, and provide the Defendants with a false and misleading façade of plausible deniability, when they are 100% culpable and funded the illegal calls and texts to the Plaintiff and others similarly situated on the federal no call registry, ratified the calls and provided substantial aid and assistance to the telemarketers to complete the calls by supplying them with the necessary equipment to do so.

g.     By "spoofing" area codes to show as a local area code to increase the likelihood that the Plaintiff would believe that it was a local call for legitimate purposes, instead of an unsolicited marketing or solicitation call from Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does,  LTC Does and AFS/AIP Doe and its employees and/or agents and its employees and/or agents their agents, vendors by and through the aid and assistance of the robo-call and ATDS dialing systems.

h.     As a direct result of the deceptions, false pretense, misrepresentation, unfair and fraudulent practices, concealment, and omission of these material facts of Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does,  LTC Does and AFS/AIP Doe and its employees and/or agents and its employees, vendors and other unknown telemarketers on their behalf, by and through the aid and assistance of the robo-call and ATDS dialing systems, the Plaintiff has suffered continuing harassment, humiliation, loss of sleep, depression, mental fatigue, a reprimand from his employer and loss of thousands of dollars in bonus opportunities, concrete injuries to his privacy right and rights to seclusion, his mental health and wellbeing, and other monetary damages, warranting treble and punitive damages.

117.   Plaintiff registered his number on the no call list to protect his privacy and solace, and for that of his family and Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does,  LTC Does and AFS/AIP Does  and its employees and/or agents, by and through its employees, agents and vendors have deliberately and deceptively invaded the province of and violated his right to privacy.

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:05 PM

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:05 PM

118.    Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does,  LTC Does and AFS/AIP Does and its employees and/or agents, by and through its employees and agents, actions constitute a pattern and practice of deceptive and unfair conduct.  Defendant's tactics were designed to exploit consumer fears, violate federal and state law, and to deceptively uncover consumers private information so the Defendants could conduct unwanted and unwarranted solicitation calls and induce consumers to provide substantial payments for Defendant's services.

119.    Section 407.025 RSMO gives the Plaintiff the right to recover actual damages, Punitive damages, and reasonable attorney's fees and costs.

120.    As a result of  Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does,  LTC Does and AFS/AIP Does  and its employees and/or agents, by and through its employees, agents and vendors use of fraud, deception, false pretense, false promise, misrepresentation, or unfair practice, and/or of Defendant's concealment, suppression, or omission of a material fact in connection with its sale of the services, Plaintiff has suffered an ascertainable loss of money or property, and privacy in an amount greater than $75,000.00.

WHEREFORE, Plaintiff prays this Court enter judgment against Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does,  LTC Does and AFS/AIP Does and its employees and/or agents and vendors, awarding him actual damages that is fair and reasonable, plus punitive damages in an amount that will fairly and reasonably punish Defendants for their deliberate misconduct and be expected to deter others, reasonable attorney's fees and costs, and such further relief this Court deems just and proper.

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:05 PM

**COUNT IV**
**Violations of the MDNC Against All Defendants**
**by Plaintiff Individually and on Behalf of the MDNC Class**

121.    Plaintiff hereby incorporates by reference the allegations contained in all

preceding paragraphs of this complaint. Plaintiff asserts this claim on behalf of himself and

members of the Missouri Do Not Call Registry Class.

122.    The Missouri Do Not Call Registry, Mo. Rev. Stat. § 407.1098.1, provides:

No person or entity shall make or cause to be made any telephone
solicitation to the telephone line of any residential subscriber in this state
who has given notice to the attorney general, in accordance with rules
promulgated pursuant to section 407.1101 of the subscriber's objection to
receiving telephone solicitations.

123.    A "residential subscriber" is defined as, "a person who has subscribed to

residential telephone service from a local exchange company or the other persons living or

residing with such person." Mo. Rev. Stat. § 407.1095(2).

124.    A "telephone solicitation" is defined as "any voice communications over a

telephone line from a live operator, through the use of ADAD equipment or by other means for

the purpose of ***encouraging*** the purchase or rental of, or investment in, property, goods or

services..." Mo. Rev. Stat. § 407.1095(3).

125.    The Defendant's calls and the ratification of those calls to a telephone subscriber

on the Missouri Do Not Call List is an unfair practice, because it violates public policy, and

because it forced Plaintiff to incur time and telephone provider expenses, wear and tear on his

phone, and degradation of his battery life without any consideration in return. Defendant's

Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS,

AIP, SQI Does, IR Does,  LTC Does and AFS/AIP Does  practice effectively forced Plaintiff to

listen to Defendants' advertising campaign and violated his privacy and right to seclusion.

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:05 PM

126.     Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does,  LTC Does and AFS/AIP Does violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Missouri statutory public policy, which public policy violations in the aggregate caused substantial concrete injury to hundreds of persons.

127.     Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does,  LTC Does and AFS/AIP Does actions prevented the Plaintiff's telephone from being used for other legitimate, personal, and residential purposes during the time Defendant was occupying the Plaintiff's telephone for Defendants' unlawful purpose.

128.     Chapter 407.1107 provides for up to $5,000 in damages for each knowingly violation.

129.     Mo. Rev. Stat. § 407.1076 provides in pertinent part:

> It is an unlawful telemarketing act or practice for any seller or telemarketer to engage in the following conduct:
>
> > (3)     Cause the telephone to ring or engage any consumer in telephone conversation repeatedly or continuously in a manner a reasonable consumer would deem to be annoying, abusive or harassing;
> > (4)     Knowingly and willfully initiate a telemarketing call to a consumer, or transfer or make available to others for telemarketing purposes a consumer's telephone number when that consumer has stated previously that he or she does not wish to receive solicitation calls by or on behalf of the seller unless such request has been rescinded.

130.     MO Rev. 407.1104 provides in pertinent part:

> 1.     Any person or entity who makes a telephone solicitation to any residential subscriber in this state shall, at the beginning of such solicitation, state clearly the identity of the person or entity initiating the solicitation.

2. No person or entity who makes a telephone solicitation to a residential subscriber in this state shall knowingly use any method to block or otherwise circumvent any subscriber's use of a caller identification service.

131. Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does, LTC Does and AFS/AIP Does and their agents, employees and/or vendors, as well as other SelectQuote, InsideResponse, IRLTC, and AFS/AIP  agents, employees and/or vendors, violated Mo. Rev. Stat. § 407.1001 et seq. by initiating telephone solicitations to wireless and residential telephone subscribers such as Plaintiff and the Class members who personally registered their respective telephone numbers on the Missouri Do-Not-Call registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

132. These individuals requested not to receive calls from Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does, LTC Does and AFS/AIP Does and their agents, employees and/or vendors, as well as other SelectQuote, InsideResponse, IRLTC, and AFS/AIP and their agents, employees and/or vendors, as set forth in Mo. Rev. Stat. § 407.1076.

133. Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does, LTC Does and AFS/AIP Does and their agents, employees and/or vendors, as well as other SelectQuote, InsideResponse, IRLTC, and AFS/AIP agents or vendors, made more than twenty five unsolicited telephone calls to Plaintiff and members of the Class without their prior express consent to receive such calls. Plaintiff and members of the Class never provided any form of consent to receive telephone calls from Defendants and/or Defendants do not have a current record of consent to place telemarketing calls to them.

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:05 PM

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:05 PM

134.    Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does, LTC Does and AFS/AIP Does and their agents, employees and/or vendors, as well as other SelectQuote, InsideResponse, IRLTC, and AFS/AIP affiliates, violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Class received more than one telephone call within a 12-month period made by or on behalf of the Defendants in violation of Mo. Rev. Stat. § 407.1076, as described above. As a result of Defendants' conduct as alleged herein, Plaintiff and the Class suffered actual damages and, under section Mo. Rev. Stat. § 407.1076, are each entitled, inter alia, to receive up to $5,000 in damages for each such violation.

135.    Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does, LTC Does and AFS/AIP Does and their agents, employees and/or vendors, as well as other SelectQuote, InsideResponse, IRLTC, and AFS/AIP agents, employees and/or vendors, misconduct is determined to be willful and knowing, the Court should, pursuant to Mo. Rev. Stat. § 407.1076 treble the amount of statutory damages recoverable by the members of the Class in the amount of $5,000.00 per call.

136.    Plaintiff brings this action as a private attorney general, and to vindicate and enforce an important right affecting the public interest. Plaintiff is therefore entitled to an award of attorneys' fees for bringing this action.

**WHEREFORE**, Plaintiff prays that the Court enter judgment and orders in his favor and against Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does, LTC Does and AFS/AIP Does and their agents, employees and/or vendors, as well as other SelectQuote, InsideResponse, IRLTC, and AFS/AIP affiliates, subsidiaries, agents, employees and/or vendors, as follows:

a.    An order certifying the classes, directing that this case proceed as a class action,

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:05 PM

and appointing Plaintiff and her counsel to represent the classes.

b.    Judgment against Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does, LTC Does and AFS/AIP Does and their agents, employees and/or vendors, as well as other SelectQuote, InsideResponse, IRLTC, and AFS/AIP affiliates, subsidiaries, agents, employees and/or vendors, and in favor of Plaintiff and the other class members in the amount of $5,000 per violation of Mo. Rev. Stat. §407.1076 as proven at trial, and $5,000.00 per call as treble damages or $90,000.00;

c.    Equitable and injunctive relief, including injunctions enjoining further violations of Mo. Rev. Stat. § 407.1001 et seq;

d.    An order granting costs and attorneys' fees to the Plaintiff; and

e.    Such other and further relief as this Court may deem appropriate in the circumstances.

## COUNT V
### Defendants' Direct or Vicarious Liability

***COMES NOW***, Plaintiff and for his fifth cause of action against Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does, LTC Does and AFS/AIP Does and their agents, employees and/or vendors and other unknown telemarketers on their behalf, states:

137.    Plaintiff reasserts and incorporates fully herein by reference each of the above paragraphs as though fully set forth herein.

138.    For 25 years now the FCC has made clear that "the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and*

*Regulations Implementing the TeL Consumer Prot. Act of 1991,* 10 F.C.C. Rcd. 12391, 12397 ¶ 13 (1995).

139.    In 2013 the FCC explained again in detail that a defendant "may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC,* 28 F.C.C. Rcd. 6574 (2013). Both actual and apparent authority, and ratification, can be a basis for a finding of vicarious liability. *Mohon v. Agentra,* 400 F.Supp.3d 1189, 1226 (D. NM 2019).

140.    The FCC has instructed that defendants may not avoid liability by outsourcing telemarketing:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were ***judgment proof, unidentifiable, or located outside the United States, as is often the case.*** Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because "[s]ellers may have thousands of `independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy."

May 2013 FCC Ruling, 28 FCC Rcd at 6588 (¶ 37) (internal citations omitted).

141.    The FCC has rejected a narrow view of TCPA liability, including the assertion that liability requires a finding of formal agency and immediate direction and control over the third-party who placed the telemarketing call. *Mohon v. Agentra,* 400 F.Supp.3d 1189, 1226 (D. NM 2019).

142.    A direct connection exists between all Defendants herein and the calls complained of by Plaintiff because the calls were directly made on behalf of Defendant's Selectquote, Danker,

InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does, LTC Does and AFS/AIP Does and their agents, employees and/or vendors, as well as other SelectQuote, InsideResponse, IRLTC, and AFS/AIP and their agents, employees and/or vendors, so they could all profit from a common enterprise in which they all substantially participated.

143.    "As the FTC has explained in its Compliance Guide, `taking deliberate steps to ensure one's own ignorance of a seller or telemarketer's Rule violations is an ineffective strategy to avoid liability.'" *FTC v. Chapman,* 714 F.3d 1211, 1216-1219 (l0th Cir. 2013).

144.    Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does, LTC Does and AFS/AIP Does and their agents, employees and/or vendors, as well as other SelectQuote, InsideResponse, IRLTC, and AFS/AIP are directly liable and responsible for the phone calls at issue because John and Jane Does or AFS/AIP, SelectQuote, InsideResponse, IRLTC, Hazen, Danker, Boihoe, Lauk, Richardson, and Wasinger, actually made or initiated the calls to Plaintiffs or they substantially participated, and provided support and assistance to the Doe Defendant's to cause the illegal calls to be made on their behlaf  and promulgated the policy and ratified making the calls to persons on the no call list without their express written consent.

145.    Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does, LTC Does and AFS/AIP Does and their agents, employees and/or vendors,  agents, employees and/or vendors, are vicariously liable for the calls complained of by Plaintiff herein because they:

a)      authorized or caused John and  Jane Does 1 through 150 to initiate the phone calls or initiated the calls and texts themselves;

b)      directly or indirectly controlled the persons who actually made or initiated the calls;

c)      allowed the telemarketers and independent agents access to information and operating systems within Defendants' control for the purpose of selling goods and services, without which they would not be able to sell their insurance using robocalling atds, texting, and direct dialing;

d)      allowed the telemarketers and independent contracting agents to enter or provide consumer information into Defendants' sales or operational systems;

e)      approved, wrote, reviewed or participated in developing the telemarketing sales scripts;

f)      Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does, LTC Does and AFS/AIP Does and their agents, employees and/or vendors, knew or reasonably should have known or consciously avoided knowing that the actual telemarketers were violating the law and Defendants failed to take effective steps within their power to require compliance; OR

g)      Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, and AIP, gave substantial assistance or support to John and Jane Does and each other while knowing, consciously avoiding knowing, or being recklessly indifferent to the fact that John and Jane Does were engaged in acts or practices that violated the TCPA, MDNC and/or the MMPA and ratified each of the illegal calls.

146.    Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does, LTC Does and AFS/AIP Does

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:05 PM

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:05 PM

and their agents, employees and/or vendors, engage in the autodialing, direct dialing, texting and robocalling at issue herein because after Plaintiff patiently listened to the scripted sales pitch the Defendants all profited from each and every sale thereby ratifying their illegal practice.

147.    Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP, SQI Does, IR Does, LTC Does and AFS/AIP Does and their agents, employees and/or vendors, ratified the robocalls to Plaintiff described above because they accepted and intended the benefits to them of the calls while knowing or consciously avoiding knowing their telemarketer-agents were robocalling and automated texting cell phones and phone numbers listed on the Federal and Missouri State Registry without complying with the Registry and without prior express written consent of the robocalled, called, and texted consumers.

148.    As a direct and proximate result of the more than 20 illegal solicitation calls by the above Defendants, Plaintiff suffered the gross and concrete violation of his rights to privacy, solace and seclusion as set forth above, as well as monetary loss in phone provider service fees, wear and tear on his phone equipment, and the degradation of his battery life.

**WHEREFORE**, Plaintiff prays for entry of judgment against  Defendant's Selectquote, Danker, InsideResponse, Hazen, Nohe, Kauk, Richardson, Wasinger, IRLTC, AFS, AIP and their agents, employees and/or vendors,  agents, employees and/or vendors, and their independent contracting agents for his statutory, actual and/or treble damages sufficient in size to set a stern example and deter in the future like conduct complained of by Defendants or others. Plaintiff prays for such other and further relief as the court finds proper. Plaintiff requests an award of his attorney fees and costs.

Electronically Filed - ST LOUIS COUNTY - May 23, 2023 - 10:05 PM

Respectfully submitted,


/s/Edwin V. Butler, Esquire
Edwin V. Butler Mo. 32489
Attorney At Law
Butler Law Group, LLC
1650 Des Peres Rd., Suite 220
St. Louis, MO 63131
edbutler@butlerlawstl.com
(314) 504-0001

Attorney for the Plaintiff


Certificate of Service

I hereby certify that the above and foregoing Answer was served electronically this 19th day of May, 2023, on all Attorneys of record via ECF/CM filing and notification system. This document was also scanned for viruses using Windows Defender 2022 and is free of viruses and malware.

/s/Edwin V. Butler
Edwin V. Butler