IN THE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION


| | | |
|---|---|---|
| Daniel Human, individually and | ) | |
| on behalf of all others similarly situated, | ) | |
| | ) | |
| Plaintiffs. | ) | |
| | ) | |
| Vs. | ) | No. 4:23-cv-00826 |
| | ) | |
| SelectQuote, Inc, Inside Response, LLC, Allied | ) | Complaint Class Action |
| Financial Services, d/b/a Allied Insurance Partners, | ) | Jury Trial Demanded |
| SelectQuote, Inc, Inside Response, LLC, Allied | ) | |
| Financial Services, d/b/a Allied Insurance Partners, | ) | |
| Inside Response LLC d/b/a Leadstoclose.com, and | ) | |
| John and Jane Doe Telemarketers 1 through 50, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT CLASS ACTION**

Plaintiff Daniel Human ("Human" or "Plaintiff"), makes this complaint against Defendant's SelectQuote, Inc. ("Selectquote"), Allied Financial Services, LLC ("AFS"),  Allied Financial Services, LLC, d/b/a Allied Insurance Partners ("AIP"), InsideResponse, LLC, ("InsideResponse"), InsideResponse d/b/a LeadsToClose.com ("IRLTC"), and John and Jane Doe Telemarketers 1 through 50. Plaintiff's allegations as to his own actions are based on personal knowledge. The other allegations are based on his counsel's investigation, and information and belief.

**Nature of the Action**

1.      This is a class action under the Missouri No Call List and Telemarketing prohibitions set forth in §407.1098.1 and Mo. Rev. Stat. § 407.1076.

2.     This is also a class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs.*, *LLC,*132 S. Ct. 740, 745 (2012).

3.     Defendant's SelectQuote, Inc. ("Selectquote"), Allied Financial Services, LLC ("AFS"), Allied Financial Services, LLC, d/b/a Allied Insurance Partners ("AIP"), InsideResponse, LLC, ("InsideResponse"), InsideResponse d/b/a LeadsToClose.com ("IRLTC"), are telemarketing companies .

4.     Defendant's John and Jane Doe 1 through 50, use automated systems and predictive dialers supplied by Defendant's Selectquote, AFS, AIP, InsideResponse, IRLTC to make outbound telemarketing calls and texts messages to hundreds if not thousands of consumers across U.S., soliciting consumers to solicit consumers to purchase various insurance policies and services of their marketing clients.

5.     By doing so, Defendant's Selectquote, AFS, AIP, InsideResponse, IRLTC, and the Doe Defendants have violated the provisions of the Missouri No Call List and Telemarketing prohibitions set forth in §407.1098.1 and Mo. Rev. Stat. § 407.1076 and the TCPA when it contacted numbers on the National Do Not Call Registry without their express written consent. Defendants have caused Plaintiff and Class Members to suffer injuries because of placing unwanted telephonic sales, collections and other calls to their phones.

6.     The Plaintiff Daniel Human alleges that Defendant's SelectQuote, Inc. ("Selectquote"), Allied Financial Services, LLC ("AFS"),  Allied Financial Services, LLC, d/b/a Allied Insurance Partners ("AIP"), InsideResponse, LLC, ("InsideResponse"), InsideResponse d/b/a LeadsToClose.com ("IRLTC"), and John and Jane Doe Telemarketers 1 through 50 made

unsolicited telemarketing calls to his residential telephone number that he personally listed on the National Do Not Call and Missouri Do Not Call registries on June 29, 2022 without his express written consent

7.     Because telemarketing calls typically use technology capable of generating thousands of similar calls per day, the Plaintiff sues on behalf of a proposed nationwide class of other people who received similar calls.

8.     Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful telemarketing calls. Plaintiff additionally seeks damages as authorized by the MDNC and TCPA on behalf of Plaintiff and the Class Members, and any other available legal or equitable remedies resulting from the actions of Defendant described herein.

9.     A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**I.     Parties**

10.     Plaintiff Daniel Human (hereinafter referred to as "Plaintiff," "Daniel," or "Mr. Human") is an individual residing in this District.

11.     Defendant SelectQuote, Incorporated, is, inter alia,  a Delaware,  Kansas and Missouri marketing company that specializes in lead generation and pass-through direct calling by and through the use of automatic dialing systems and robocalls, with its principal offices located at 6800 W. 115th St., Ste. 2511, Overland Park, Kansas, and is also listed as a foreign company in the State of Missouri, with its Missouri offices located in Jefferson City, Missouri, and its registered agent listed as Cogency Global Incorporated, 221 Bolivar St., Jefferson City, Missouri, 65101, and is personally and directly responsible, in concert with its corporate officers,

agents, affiliates, and partners, Defendant's  InsideResponse,  IRLTC, AFS, AIP, SQI, and Does 1 through 50 for promulgating policies and procedures which encourage, entice, condone and ratify, calls to and from this District to numbers on the Missouri federal no call lists, just as it did with the Plaintiff.[1]

12.      Defendant Inside Response, LLC, is a Kansas based limited liability marketing and real time click through lead generation company, which also does business as "Leadstoclose.com", companies that specialize in cold call lead generation and pass-through lead direct calling with the aid, assistance and use of automatic dialing systems and robocalls, with its principal offices located in Overland Park, Kansas, and operates under illegal policies and procedures in concert with its corporate officers, agents, or affiliates, including Defendant's Selectquote, IRLTC, AFS, AIP, SQI Does, IR Does,  LTC Does and AFS/AIP Does which encourage, entice, condone, and ratify illegal telemarketing calls to and from this District to numbers on the Missouri and Federal no call list, just as it did with the Plaintiff.

13.      Defendant Allied Financial Services, LLC, d/b/a Allied Insurance Partners, is a Leawood Kansas company and is registered in Missouri as a foreign company (hereinafter "AFS" and "AIP"), doing business in St. Louis County, Missouri,  and is an agent, vendor, and/or employee of Defendant's Selectquote, InsideResponse, IRLTC, and provides telemarketers it employs for the above defendants, which are the companies that make cause to make telemarketing calls from this District and to this District on behalf of each of the Defendant's, including, inter alia, Defendant's Selectquote, InsideResponse, IRLTC, AFS, AIP,

---

[1] On 03/05/2020 Defendant SelectQuote, Inc. acquired Defendant InsideResponse, LLC from Defendant's Danker, William Grant III, Hazen and Robert Grant for $65 million dollars on February 12, 2020. See https://www.marketscreener.com/quote/stock/ SELECTQUOTE...That acquisition was reflected in there Missouri Secretary of State filing for InsideResponse, LLC on May31, 2022, See mo.sos.gov/FL1179358.

Does 1 through 50,  just as it did with the Plaintiff. Additionally, AFS and its corporate officers are directly and personally responsible for the promulgation and enforcement of corporate policies that encourage, entice, condone and ratify its illegal telemarketing calls being made from this District and to this District on behalf myriad other Insurance Companies, in concert with Inside Response, Leadtoclose.com, and SelectQuote and  to phone numbers registered on the federal do not call registry, just as it did with the Plaintiff.

14.     Defendants John and Jane Does 1 through 50 are unknown telemarketers for Defendant's Selectquote, InsideResponse, IRLTC, AFS, AIP, marketing companies that specializes in lead generation and pass-through direct calling for its clients by and through the use of automatic dialing systems and robocalls, with its principal offices located in Kansas, and is listed foreign company in the State of Missouri, and is personally and directly responsible, in concert with its corporate officers, Defendant's Selectquote, InsideResponse, IRLTC, AFS, AIP, for promulgating policies and procedures which encourage, entice, condone and ratify illegal telemarketing calls to and from this District to numbers on the Missouri and  federal no call list, just as it did with the Plaintiff.

**Jurisdiction and Venue**

15.     This Court has jurisdiction for violations of the Missouri do not call registries under Chapter 407.010 et seq. RSMo.  For the reasons stated in *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012), the Court has federal subject matter jurisdiction under 47 U.S.C. § 227.

16.     This Court has personal jurisdiction over the Defendants because they either reside in this District and/or made the calls into this District, and/or they promulgated the policies and procedures and/or had the right to do so which encourage, entice, condone, and ratify illegal

telemarketing calls into this District to persons on the no call list. Moreover, they are a registered foreign corporation in Missouri. Additionally, the individual Defendants have sufficient minimum contacts with the State of Missouri and this District in that they transact business in Missouri, profit personally from sales made in Missouri; they send their products to Missouri and advertise in Missouri; the tortious acts complained of within this complaint occurred in Missouri, thereby subjecting them to Missouri's long arm statute, Section 506.500.1. See *Hand v. Beach KC, LCC*, 425 F.Supp.1096 (W.D. Mo. 2019).

17.      Venue is proper in accord with 28 U.S.C 1391(b) because all calls were made into this District and/or from this District.

## II.      Common Factual Allegations

18.      Defendant's AFS and AIP are licensed Insurance companies and lead generation companies that gather and sell insurance leads, participate in click through marketings, and sell and broker insurance policies, which indemnify policy holders for incidents such as car accidents, natural disasters, as well as target, market and sell supplement insurance policies to elderly senior citizens on Medicare.

19.      To generate leads, Defendant's Selectquote, InsideResponse, IRLTC, AFS, and AIP, employs, one another and other lead and marketing partners, then hides behind a labyrinth of telemarketing companies, their affiliated companies, and each of  their agents and vendors which operate under fictitious names, dissolved names, merged names, and a web of deceptive names, d/b/a's, and other mass telephone marketing strategies to secrete, insulate, and conjure a deceptive marketing scheme which provides a nearly impenetrable web of shell companies in order to achieve, on its face, what appears as plausible deniability for their illegal actions, which includes directly and indirectly Defendant's Selectquote, InsideResponse, IRLTC, AFS, and AIP

and its employees and/or agents, to order to make unlawful random and robocall generated telemarketing calls to consumers on the Missouri  federal do not call registry who have never had a relationship with, and who never consented to receive their calls in violation of both 47 U.S.C. 227(c) (5); 47 C.F.R. 64.1200 (c)(2), and the deceptive marketing prohibitions protected under the Missouri Merchandising Practices Act, Section 407.010 et seq. RSMo.

20.     While exhausting a lead or having no success converting a lead into sales, Defendants Selectquote, Danker, InsideResponse, IRLTC, AFS, and AIP, then pass the lead off to one another or sell the exhausted and unscrubbed lead to a competitor for second, third, fourth, and even fifth attempts for lead conversion.

21.     These practices can cause a single consumer to receive hundreds of calls collectively from Defendant's Selectquote, InsideResponse, IRLTC, AFS, AIP, and Does 1 through 50, even though the person is on the no call registries and did not provide express written consent for the call.

**III.     Statement of Facts**

22.     Plaintiff is the subscriber and the sole user of the residential cell phone number 314-915-XXXX.

23.     Plaintiff is and was at all times mentioned herein, a "person" as defined by 47 U.S.C. §153(39).

24.     Plaintiffs telephone number (the "Number"), 314-915-XXXX, is on the National Do Not Call Registry and Missouri Do Not Call registry and has been continuously since June 2022.

25.     The number is not associated with any business.

26.     The number is for personal use.

27.    Despite this, Defendant's Selectquote, InsideResponse, IRLTC, AFS, and AIP and its employees and/or agents, all approved, ratified and sanctioned by Defendant's Selectquote, InsideResponse, IRLTC, AFS, and AIP's corporate officers'  policies, practices and procedures, placed more than fifteen  unsolicited telemarketing calls to Mr. Human beginning on October 12, 2022, when three (3) calls were made from a telephone number on registered in Creve Coeur, Missouri and one telemarketer identified themselves as Alexandria, who solicited Mr. Human to purchase an Insurance Policy.

28.    The Plaintiff did not answer the first telemarketing call, and the caller left a message that they were agents of Allied Partners Insurance, which is an unregistered fictitious name of d/b/a utilized by Defendant Allied Financial Services, which operates out of Kansas.[2]

29.    Despite that, and the fact that he was on the Missouri and National Do Not Call Registry, Defendant's Selectquote, InsideResponse, IRLTC, AFS, and AIP and its employees and/or agents, made another series of illegal  telemarketing calls to the Plaintiff hours later that same day, and several calls to Plaintiff over the next three weeks.

30.    Upon answering the calls, Plaintiff was met with the various pauses, clicks, automated prompts, and so-called "dead air" that form the hallmarks of automatic telephone dialer use.

31.    During the calls the unknown telemarketers solicited Mr. Human to purchase an insurance policy for health and auto insurance coverage.

32.    On October 12, 2022, at 2:40 p.m., the Plaintiff then received another call from an unknown telemarketer from Defendant's Selectquote, InsideResponse, IRLTC, AFS, AIP, Does

---

[2] On more than three occasions in later calls, the telemarketers refused to identify their last names, but admitted that AIP is actually Allied Financial Services and InsideResponse, which is owned by SelectQuote, Inc.and that they received Plaintiff's contact information through Leadstoclose.com – another company owned by Eric Hazen.

1 through 50 and its employees and/or agents, who identified themselves as Allied Insurance Partners and again the unknown telemarketer solicited Mr. Human to purchase an insurance policy for health and automobile coverage.

33.     On October 14, 2022, at 4:24 p.m., Plaintiff received another call from a telemarketer who identified themselves as "Shay", an AFS/AIP agent or employee and again the telemarketer solicited Mr. Human to purchase an insurance policy for health and automobile coverage.

34.     On October 15, 2022, at 2:55 p.m., Plaintiff received a call from Defendant's Selectquote, Danker, InsideResponse, IRLTC, AFS, AIP, and Does 1 through 50, and its employees and/or agents, who identified themselves as "Pamela" from Defendant's AIP and InsideResponse wherein the telemarketer solicited Mr. Human to purchase an insurance policy for health and automobile coverage.

35.     On October 23, 2022, at 10:40 a.m., Plaintiff received a call from Defendant's Selectquote, InsideResponse, IRLTC, AFS, AIP, through the Doe Defendants from 314-272-4816, who identified themselves as "Leona" and again solicited Mr. Human to purchase an insurance policy for health and automobile coverage.

36.     On October 23, 2022, at 1:40 p.m., the Plaintiff received a call from Defendant's Selectquote, InsideResponse, IRLTC, AFS, AIP, through the Doe Defendants from 314-724-816X, who refused to identify themselves and upon information and belief is an employee or agent of AFS d/b/a AIP, InsideResonse and Selectquote, and again Defendant "Jane Doe" telemarketer solicited Mr. Human to purchase an insurance policy for various coverage.

37.     On October 24, 2022, at 9:45 a.m., Plaintiff received a call from Defendant's Selectquote, InsideResponse, IRLTC, AFS, AIP, through the Doe Defendants from 314-272-

4816, who identified themselves as "Michele" and again the Defendant Michele Doe telemarketer solicited Mr. Human to purchase an insurance policy for health and automobile coverage.

38.    On October 24, 2022, at 3 p.m., the Plaintiff another call from Defendant's AIP, InsideResponse, and SelectQuote telemarketer from 314-272-4816, who identified themselves as "Misty" and again the Defendant telemarketer solicited Mr. Human to purchase an insurance policy for health and automobile coverage.

39.    Thereafter, after AFS and AIP exhausted their efforts to convert calls to Plaintiff into sales, upon information and belief, Defendant's LeadsToClose and InsideResponse then sold or transferred the Plaintiff's phone number to Defendant SelectQuote, whereupon  the Plaintiff received an additional thirteen calls from the Doe Defendant's from Selectquote, which were ratified by Defendant's Selectquote, InsideResponse, IRLTC, AFS, and AIP, whereupon they persistently solicited Plaintiff to purchase insurance policies. The calls are detailed as follows:

|   |   |   |   |
|---|---|---|---|
| a. | 1/6/23 | 12:39 PM (Jerry) | 314-714-5143[3] |
| b. | 1/6/23 | 1:03 PM (Cheyenne) | 314-274-3802 |
| c. | 1/6/23 | 2:10 PM (Brandy) | 314-274-3802 |
| d. | 1/7/23 | 10:40 AM | 314-714-5143 |
| e. | 1/7/23 | 2:18 PM | Same |
| f. | 1/8/23 | 11:17 AM (Brandy) | same |
| g. | 1/9/23 | 2:40 PM | same |

---

[3] In or around early January, 2023, the Plaintiff contacted the above Defendants via certified mail and advised them they were illegally calling his private residential telephone number which was listed on the DNC. Shortly thereafter, Plaintiff received an email from Defendants counsel; Michael Schuette, and advised he had received notification of the illegal calls, and that he represented the Defendants. Thereafter, the above defendants continued to repeatedly call Plaintiff's personal residential cell phone in violation of the MDNC and DNC.

| | | | |
|---|---|---|---|
| h. | 1/9/23 | 4:28 PM | same |
| i. | 1/12/23 | 3:40 PM (James) | same |
| j. | 1/14/23 | 10:50 AM (Myla) | 314-274-3802 |
| k. | 1/14/23 | 10:53 AM (Myla) | same |
| l. | 1/17/23 | 10:34 AM | same |
| m. | 1/18/23 | 11:46 AM | same |

40.     Defendant's Selectquote, InsideResponse, IRLTC, AFS, AIP, through the Doe Defendants persistently solicited Mr. Human to purchase insurance policies, despite the fact that he is registered on the Missouri and Federal Do Not Call registry and has been for several months prior to their unsolicited marketing calls to his private, personal cell phone, and without any record of Mr. Human's express written consent to receive these illegal marketing calls.

41.      The Defendant's Selectquote, InsideResponse, IRLTC, AFS, AIP, through the Doe Defendants persistently harassed, annoyed, and violated the Plaintiff's right to privacy and seclusion with each individual call even though he demanded the calls cease, and he is registered on the Federal and Missouri Do Not Call registry and has been for years prior to their unsolicited calls to his private, personal residential cell phone.

42.     Defendant's Selectquote, InsideResponse, IRLTC, AFS, AIP, through the Doe Defendants and its employees and/or agents made, and continue to make, these illegal telemarketing calls to individuals throughout the United States without their prior written express consent of Plaintiff and the Class to do so and continue to mislead consumers about their identity.

43.     By effectuating these unlawful phone calls, Defendant's Selectquote, InsideResponse, IRLTC, AFS, AIP, through the Doe Defendants caused Plaintiff the very harm that Congress sought to prevent - a "nuisance and invasion of privacy," and right to seclusion.

44.     During all these calls, there was a significant pause and click before Defendants'

representative started speaking, which is a telltale sign that Defendants used a predictive dialer to

make the call:

> Predictive dialers initiate phone calls while telemarketers are talking to
> other consumers . . . In attempting to "predict" the average time it takes
> for a consumer to answer the phone and when a telemarketer will be free
> to take the next call, predictive dialers may either "hang-up" on consumers
> or keep the consumer on hold until connecting the call to a sales
> representative, resulting in what has been referred to as "dead air."

*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of*

*1991, 2003 Report and Order*, CG Docket No. 02-278, FCC 03-153, ¶ 146, 18 FCC Rcd. 14014,

14101, 2003 WL 21517853, *51 (July 3, 2003), *available at* http://hraunfoss.fcc.gov/edocs

_public/attachmatch/FCC-03-153A1.pdf ("*2003 Report and Order*").

45.     The Defendant's placed most, if not all calls alleged in this complaint with one or

more predictive dialers. Predictive dialers constitute an automatic telephone dialing system; they

can store, producing, and dialing any telephone number, and are capable of storing,

producing, and dialing telephone numbers using a random or sequential number generator.

Further, no human manually entered Plaintiff and Class members' cellular telephone number

when Defendants made the calls alleged below. Rather, the predictive dialer(s) electronically

dialed Plaintiff and Class members' cellular telephones in an automated fashion. The predictive

dialers otherwise constitute an "automatic telephone dialing system" under the meaning of 47

U.S.C. § 227(a)(1).

46.     The Defendant's aggravating and annoying phone calls trespassed upon and

interfered with Plaintiff's rights and interests in his cellular telephone and cellular telephone line,

caused him to incur provider fees, by intruding upon Plaintiff's seclusion.

47.     None of the telephone calls alleged in this complaint constituted calls for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

48.     Plaintiffs' privacy has been violated by the above-described telemarketing calls, and Defendant's phone calls harmed Plaintiff by wasting his time

49.     Moreover, "wireless customers [like Plaintiff] are charged for incoming calls whether they pay in advance or after the minutes are used." In re Rules Implementing the TCPA of 1991, 23 FCC Rcd 559, 562 (2007). Defendant's phone calls harmed Plaintiff by depleting the battery life on his cellular telephone, and by using minutes allocated to Plaintiff by his cellular telephone service provider and suffered the loss of utility of his phone.

50.     Defendant's Selectquote, InsideResponse, IRLTC, AFS, AIP, through the Doe Defendants' unlawful acts, as described above, were committed knowingly and willfully.

51.     In addition to being strictly liable for the Doe Defendants violations of the TCPA pursuant to the FCC 2008 Order, Defendant's Selectquote, InsideResponse, IRLTC, AFS, and AIP's ratification of the Doe Defendants continued and habitual TCPA violations subjects the Defendant's Selectquote, InsideResponse, IRLTC, AFS, and AIP to vicarious liability under common law agency principles. See Restatement (Third) of Agency § 4.01(1) (2006) ("Ratification is the affirmance of a prior act done by another, whereby the act is given effect as if done by an agent acting with actual authority."). The Plaintiff never provided his written consent or requested these calls.

52.     When contacted by the Plaintiff, Defendant's Selectquote, InsideResponse, IRLTC, AFS, and AIP did not deny the calls or that they had disseminated Plaintiff's phone

number to their agents, vendors, without his express written permission for the purpose of making unsolicited telemarketing calls to Plaintiff.

53.     Plaintiffs' privacy and right to seclusion has been grossly, deliberately, and repeatedly violated by the above-described automated calls and the Plaintiff was severely annoyed, harassed and humiliated by the Doe Defendants when he instructed them to stop calling his phone from the onset.

54.     The Plaintiff never provided his written consent to receive or requested these calls, nor have the Defendants provided Plaintiff with a copy of any express written consent by Plaintiff to receive the calls.

55.     Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendants because their privacy has been violated, they were annoyed and harassed.

56.     In addition, the calls occupied their telephone lines, rendering them unavailable for legitimate communication, caused wear and tear on the phones, degradation to his battery life, and caused him to incur fees from his telephone provider.

57.     In response to these unsolicited telephonic calls, Plaintiff filed this lawsuit seeking injunctive relief requiring the Defendant to cease violating the Telephone Consumer Protection Act and Missouri No Call and Telemarketing Marketing laws, as well as an award of statutory damages to the members of the Class, attorneys' fees, and costs.

**THE MISSOURI NO-CALL LAW**

58.     Similarly, the Missouri Do Not Call Registry, Mo. Rev. Stat. § 407.1098.1, which is to be construed in *pari materia*, provides:

> No person or entity shall make or cause to be made any telephone
> solicitation to the telephone line of any residential subscriber in this state
> who has given notice to the attorney general, in accordance with rules
> promulgated pursuant to section 407.1101 of the subscriber's objection to

receiving telephone solicitations.

59.     A "residential subscriber" is defined as, "a person who has subscribed to residential telephone service from a local exchange company or the other persons living or residing with such person." Mo. Rev. Stat. § 407.1095(2).

60.     A "telephone solicitation" is defined as "any voice communications over a telephone line from a live operator, through the use of ADAD equipment or by other means for the purpose of encouraging the purchase or rental of, or investment in, property, goods or services..." Mo. Rev. Stat. § 407.1095(3).

61.     Defendant's calls and/or texts to a telephone subscriber on the Missouri Do Not Call List is an unfair practice, because it violates public policy, and because it forced Plaintiff to incur time and expense without any consideration in return. Defendants' practice effectively forced Plaintiff to listen to their debt collection practices in violation of State and Federal Law.

62.     Defendants violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Missouri statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

63.     Defendants' actions prevented the Plaintiff's telephone from being used for other legitimate purposes during the time Defendant was occupying the Plaintiff's telephone for Defendants' unlawful purpose.

64.     Chapter 407.1107 provides for up to $5,000 in damages for each knowingly violation.

**THE MISSOURI TELEMARKETING LAW**

65.     Mo. Rev. Stat. § 407.1076 provides in pertinent part:

> It is an unlawful telemarketing act or practice for any seller or
> telemarketer to engage in the following conduct:

(3) <u>Cause the telephone to ring or engage any consumer in telephone conversation repeatedly or continuously in a manner a reasonable consumer would deem to be annoying, abusive or harassing;</u>

(4) Knowingly and willfully initiate a telemarketing call to a consumer, or transfer or make available to others for telemarketing purposes a consumer's telephone number when that consumer has stated previously that he or she does not wish to receive solicitation calls by or on behalf of the seller unless such request has been rescinded.

66.    MO Rev. 407.1104 provides in pertinent part:

1.    Any person or entity who makes a telephone solicitation to any residential subscriber in this state shall, at the beginning of such solicitation, state clearly the identity of the person or entity initiating the solicitation.

2.    No person or entity who makes a telephone solicitation to a residential subscriber in this state shall knowingly use any method to block or otherwise circumvent any subscriber's use of a caller identification service.

67.    In each of the illegal calls alleged supra, Defendant's Selectquote, InsideResponse, IRLTC, AFS, and AIP and its employees and/or agents, vendors and other unknown telemarketers on their behalf, caused Plaintiff's phone to ring and engaged him repeatedly and continuously in conversations and telemarketing solicitations which he found to be abusive, annoying and harassing, and interrupted in right to seclusion and privacy.

68.    In response to these unsolicited telephonic calls, Plaintiff filed this lawsuit seeking injunctive relief requiring the Defendant to cease violating the Telephone Consumer Protection Act and Missouri No Call and Telemarketing Marketing laws, as well as an award of statutory damages to the members of the Class, attorneys' fees, and costs.

69.    None of the telephone calls alleged in this complaint constituted calls for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

70.    The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. 227(c) (5); 47 C.F.R. 64.1200 (c)(2).

**Class Action Allegations**

71.    As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

A.     Class Definition: Plaintiff seeks to certify a class and brings this Complaint against the Defendants, pursuant to Federal Rule of Civil Procedure 23, on behalf of himself and the following Classes:

**Robocall Class and Automatic Telephone Dialing System Class:**

All persons in the United States who received any unsolicited telephone calls from Defendants or their agents on their cellular phone service through the use of any automatic telephone dialing system or artificial or pre-recorded voice system, which telephone calls by Defendants or their agents were not made for emergency purposes or with the recipients' prior express consent, within four years prior to the filing of this Complaint.

**Do Not Call Class ("DNC Class")**:
All persons in the United States (1) who had his or her telephone number(s) registered with the national Do-Not-Call registry for at least thirty days; (2) who received more than one telephone call made by or on behalf of Defendants that promoted solar energy products or services products or services; (3) within a 12-month period; and (4) for whom Defendants had no current record of consent to place such calls to him or her.

**Missouri Do Not Call Class ("MDNC Class")**:
All persons in the State of Missouri (1) who had his or her telephone number(s) registered with the Missouri Do-Not-Call registry for at least thirty days; (2) who received more than one telephone call or text made by or on behalf of Defendants that promoted insurance policies

products or services; (3) within a 12-month period; and (4) for whom Defendants had no current record of consent to place such calls to him or her.

These are referred to as the "Classes".

72.     Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

73.     The Class as defined above are identifiable through phone records and phone number databases.

74.     The potential members of the Class number at least in the thousands.

75.     Individual joinder of these persons is impracticable.

76.     Plaintiff is a member of the Class.

77.     There are questions of law and fact common to Plaintiff and the proposed Class, including, but not limited to the following:

(a) whether the Defendants systematically made multiple telephone calls to members of the Missouri and National Do Not Call Registry Classes;

(b) whether Defendants made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

(c) whether the Defendants made the above-call using a predicitive dialer, robo-calls, and ATDS.

(d)  whether Defendants conduct constitutes violations of the TCPA and Missouri Telemarketing Laws;

(e) whether the Defendants misrepresentations, omissions, and other deceptive marketing practices constitutes a violation of the MMPA.

(f) whether the Defendant's were using spoofing technology to interfere with Plaintiff's ability to utilize his caller ID to determine the validity of the call.

(g) whether the Defendant's illegal telemarketing calls caused wear and tear on his phone equipment, caused degradation to his phone battery life, and made him incur phone provider fees.

(f) whether members of the Class are entitled to treble damages based on the willfulness of Defendants conduct.

78.     The Plaintiffs' claims are typical of the claims of members of the Class.

79.     Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he and he has hired counsel skilled in class action litigation, including TCPA class actions.

80.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents, vendors, and sub-contractors.

81.     The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**FIRST CAUSE OF ACTION:**
**Violation of the TCPA Against All Defendants**
**by Plaintiff Individually and on Behalf of the Robocall and ATDS Classes**

82.     The Plaintiff repeats the prior allegations of this Complaint and incorporates them herein by reference.

83.     The foregoing acts and omissions of Defendant's Selectquote, InsideResponse, IRLTC, AFS, and AIP and its employees and/or agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

84.     Defendant's Selectquote, InsideResponse, IRLTC, AFS, and AIP violations were negligent, willful, or knowing.

85.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $1,500 in damages for each and every call made, and treble damages sufficient to deter future like conduct of the Defendants and others.

86.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendants behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

**Prayer for Relief**

**WHEREFORE**, Plaintiff individually and on behalf of the Class, prays for judgment against Defendant's Selectquote, InsideResponse, IRLTC, AFS, AIP and Does 1 through 50 as follows:

(a) For an order certifying the Classes and naming Plaintiff as the representative of the Classes and Plaintiff's attorneys as Class Counsel to represent the Classes;

(b) For an award of statutory damages for Plaintiff and each member of the Classes;

(c) For an order declaring that the Defendant's conduct violates the statutes referenced herein;

(d) For an order finding in favor of Plaintiff and the Classes on all Counts asserted herein;

(e) For prejudgment interest on all amounts awarded;

(f) For an order of restitution and all other forms of equitable monetary relief;

(g) For injunctive relief as pleaded or as the Court may deem proper; and

(h) Such further and other relief as the Court deems necessary.

### SECOND CAUSE OF ACTION:
### Violations of the TCPA Against All Defendants
### by Plaintiff Individually and on Behalf of the DNC Class

87.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 86 as though set forth herein.

88.     47 U.S.C. §227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

89.     The foregoing acts and omissions of Defendant's Selectquote, InsideResponse, IRLTC, AFS, AIP  and Does 1 through 50  and/or its affiliates, agents, and/or other persons or entities acting on Defendants behalf by calling and texting the Plaintiff's residential cell phone more than twenty-three (23) times within a twelve (12) month period in contravention of 47 C.F.R. 64.1200(c), (d), (f) (13), constitute numerous and deliberate  violations of the TCPA, 47

U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

90.    Defendant's Selectquote, InsideResponse, IRLTC, AFS, AIP and Does 1 through 50 violations were negligent, willful, or knowing.

91.    As a result of Defendant's Selectquote, InsideResponse, IRLTC, AFS, AIP and Does 1 through 50  and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $1,500 in damages for each and every call made.

92.    Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant's Selectquote, InsideResponse, IRLTC, AFS, AIP and Does 1 through 50  from making like calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

93.    Plaintiff brings this action as a private attorney general, and to vindicate and enforce an important right affecting the public interest. Plaintiff is therefore entitled to an award of attorneys' fees for bringing this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff individually and on behalf of all others similarly situated, seeks judgment against Defendant's Selectquote, InsideResponse, IRLTC, AFS, AIP  and Does 1 through 50, and the unidentified creditor, as follows:

(a) For an order certifying the Classes and naming Plaintiff as the representative of the Classes and Plaintiff's attorneys as Class Counsel to represent the Classes;

(b) For an award of statutory damages for Plaintiff and each member of the Classes;

(c) For an order declaring that the Defendant's conduct violates the statutes referenced

herein;

(d) For an order finding in favor of Plaintiff and the Classes on all Counts asserted

herein;

(e) For prejudgment interest on all amounts awarded;

(f) For an order of restitution and all other forms of equitable monetary relief;

(g) For injunctive relief as pleaded or as the Court may deem proper; and

(h) Such further and other relief as the Court deems necessary.

**FOURTH CAUSE OF ACTION**
**Violations of the MDNC Against All Defendants**
**by Plaintiff Individually and on Behalf of the MDNC Class**

94.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs

1 through 93 as though set forth herein.

95.    Plaintiff brings this claim individually and on behalf of the Missouri No Call and

Anti Telemarketing Class Members ("MDNC") against Defendants.

96.    Defendant's Selectquote, InsideResponse, IRLTC, AFS, AIP  and Does 1 through

50 acts and omissions constitute multiple violations of the MDNC to No person or entity shall

make or cause any telephone to ring and make any telephone solicitation to the telephone line of

any residential subscriber in this state who has given notice to the attorney general, in accordance

with rules promulgated pursuant to section 407.1101 and Mo. Rev. Stat. § 407.1076 of the

subscriber's objection to receiving telephone solicitations.

97.    A "telephone solicitation" is defined as "any voice communications over a

telephone line from a live operator, through the use of ADAD equipment or by other means for

the purpose of ***encouraging*** the purchase or rental of, or investment in, property, goods or

services..." Mo. Rev. Stat. § 407.1095(3).

98.     Defendant's Selectquote, InsideResponse, IRLTC, AFS, AIP and Does 1 through 50  failed to secure prior express written consent from Plaintiff and the Class Members.

99.     In violation of the MDNC, Defendant's Selectquote, InsideResponse, IRLTC, AFS, AIP and Does 1 through 50 made and/or knowingly allowed telephonic solicitation calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent and after notice to the Missouri Attorney General was given that they did not want to receive said telemarketing calls.

100.     Defendants made and/or knowingly allowed the telephonic calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

101.     As a result of Defendant's conduct, and pursuant to § 407.1076 et seq. of the MDNC, Plaintiff and Class members were harmed and are each entitled to a maximum of $5,000.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

102.     Defendant's Selectquote, InsideResponse, IRLTC, AFS, AIP and Does 1 through 50 misconduct is determined to be willful and knowing, the Court should, pursuant to Mo. Rev. Stat. § 407.1076 treble the amount of statutory damages recoverable by the members of the Class in the amount of and additional $5,000.00 per call.

103.     Plaintiff brings this action as a private attorney general, and to vindicate and enforce an important right affecting the public interest. Plaintiff is therefore entitled to an award of attorneys' fees for bringing this action.

**Prayer for Relief**

*WHEREFORE*, Plaintiff Human and all members of the MDNC class prays for judgment against Defendant's Selectquote, InsideResponse, IRLTC, AFS, AIP and Does 1 through 50, for $5,000.00 per violation, treble damages, and for their attorney fees and costs, appropriate injunctive reliefs, and for such further relief deemed just and equitable in the premises.

## FOURTH CAUSE OF ACTION

### Defendant's Selectquote, InsideResponse, IRLTC, AFS, and AIP's Vicarious Liability

*COMES NOW*, Plaintiff and for his fourth cause of action against Defendant's Selectquote, InsideResponse, IRLTC, AFS, and  AIP, states:

104.    Plaintiff reasserts and incorporates fully herein by reference each of the above paragraphs as though fully set forth herein.

105.    For 25 years now, the FCC has made clear that "the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the TeL Consumer Prot. Act of 1991,* 10 F.C.C. Rcd. 12391, 12397 ¶ 13 (1995).

106.    In 2013 the FCC explained again in detail that a defendant "may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC,* 28 F.C.C. Rcd. 6574 (2013). Both actual and apparent authority, and ratification, can be a basis for a finding of vicarious liability. *Mohon v. Agentra,* 400 F.Supp.3d 1189, 1226 (D. NM 2019).

107.    The FCC has instructed that defendants may not avoid liability by outsourcing telemarketing:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were *judgment proof, unidentifiable, or located outside the United States, as is often the case.* Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately to obtain effective relief. As the FTC noted, because "[s]ellers may have thousands of `independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy."

May 2013 FCC Ruling, 28 FCC Rcd at 6588 (¶ 37) (internal citations omitted).

108.    The FCC has rejected a narrow view of TCPA liability, including the assertion that liability requires a finding of formal agency and immediate direction and control over the third-party who placed the telemarketing call. *Mohon v. Agentra,* 400 F.Supp.3d 1189, 1226 (D. NM 2019).

109.    A direct connection exists between all Defendants herein and the calls complained of by Plaintiff because the calls were directly made on behalf of Defendant's Selectquote, InsideResponse, IRLTC, AFS, and AIP, by Does 1 through 50, so they could all profit from a common enterprise in which they all substantially participated.

110.    "As the FTC has explained in its Compliance Guide, `taking deliberate steps to ensure one's own ignorance of a seller or telemarketer's Rule violations is an ineffective strategy to avoid liability.'" *FTC v. Chapman,* 714 F.3d 1211, 1216-1219 (l0th Cir. 2013).

111.    Defendant's Selectquote, InsideResponse, IRLTC, AFS, and AIP are vicariously liable for the calls complained of by Plaintiff herein because they:

a)    authorized or caused John and Jane Does 1 through 50 to initiate the phone calls or initiated the calls and texts themselves;

b)      directly or indirectly controlled the persons who actually made or initiated the calls;

c)      allowed the telemarketers and independent agents access to information and operating systems within Defendants' control for the purpose of selling goods and services, without which they would not be able to sell their insurance using robocalling atds, texting, and direct dialing;

d)      allowed the telemarketers and independent contracting agents to enter or provide consumer information into Defendants' sales or operational systems;

e)      approved, wrote, reviewed or participated in developing the telemarketing sales scripts;

f)      Defendant's Selectquote, InsideResponse, IRLTC, AFS, and AIP knew or reasonably should have known or consciously avoided knowing that the actual telemarketers were violating the law and Defendants failed to take effective steps within their power to require compliance; OR

g)      Defendant's Selectquote, InsideResponse, IRLTC, AFS, and AIP gave substantial assistance or support to John and Jane Does and each other while knowing, consciously avoiding knowing, or being recklessly indifferent to the fact that John and Jane Does were engaged in acts or practices that violated the TCPA, and MDNC and ratified each of the illegal calls.

112.    Defendant's Selectquote, InsideResponse, IRLTC, AFS, and AIP,  apparently had authority to engage in the autodialing, direct dialing, texting and robocalling at issue herein because after Plaintiff patiently listened to the scripted pitch the Defendant's Selectquote, InsideResponse, IRLTC, AFS, and AIP, its marketing clients, and its agents and employees

would all have profited from each and every dollar collected, thereby ratifying their illegal practice.

113.    Defendant's Selectquote, InsideResponse, IRLTC, AFS, and AIP ratified the robocalls to Plaintiff described above because they accepted and intended the benefits to them of the calls while knowing or consciously avoiding knowing their telemarketer-agents were robocalling and automated texting cell phones and phone numbers listed on the Federal and Missouri State Registry without complying with the Registry and without prior express written consent of the robocalled, called, and texted consumers.

114.    As a direct and proximate result of the more than 23 illegal solicitation calls by the above Defendants, Plaintiff suffered the gross and concrete violation of his rights to privacy, solace and seclusion as set forth above, as well as monetary loss in phone provider service fees, wear and tear on his phone equipment, loss of utility of his phone, and the degradation of his battery life, as well as suffered annoyance and frustration.

*WHEREFORE*, Plaintiff prays for entry of judgment against Defendants Selectquote, InsideResponse, IRLTC, AFS, and AIP for his statutory, actual and/or treble damages sufficient in size to set a stern example and deter in the future like conduct complained of by Defendants or others. Plaintiff prays for such other and further relief as the court finds proper. Plaintiff requests an award of his attorney fees and costs.

Respectfully submitted,

/s/Edwin V. Butler, Esquire
Edwin V. Butler Mo. 32489
Attorney At Law
Butler Law Group, LLC
1650 Des Peres Rd., Suite 220
St. Louis, MO 63131
edbutler@butlerlawstl.com

(314) 504-0001

Attorney for the Plaintiff

Certificate of Service

I hereby certify that the above and foregoing First Amended Complaint was served electronically this 29th day of June 2023, on all Attorneys of record via ECF/CM filing and notification system. This document was also scanned for viruses using Windows Defender 2022 and is free of viruses and malware.

/s/Edwin V. Butler
Edwin V. Butler

29