**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI (ST. LOUIS)**

DANIEL HUMAN, *individually and on behalf of all others similarly situated,*

Plaintiff,

Case Number: 4:23-cv-00826

-against-

SELECTQUOTE, INC., et al.,

Defendants.

______________________________________________/

**DEFENDANTS SELECTQUOTE, INC.'S AND INSIDE RESPONSE, LLC'S**
**OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

Defendants, SelectQuote, Inc. ("SelectQuote") and InsideResponse, LLC a/k/a InsideResponse LLC d/b/a LeadToClose.com ("InsideResponse"), through undersigned counsel, respectfully submits this opposition to plaintiff's motion to strike (ECF 28-29) and amended motion to strike (ECF 31-32). In his motion to strike, plaintiff argues the Court should strike SelectQuote's motion to dismiss because undersigned counsel who filed the motion to dismiss is not admitted to practice before this Court. Plaintiff is wrong.

The Court granted undersigned counsel's application to appear pro hac vice on July 20, 2023. *See* ECF 18. On August 3, 2023, after the Court granted undersigned counsel's application to appear pro hac vice, undersigned counsel properly filed SelectQuote's and InsideResponse's motion to dismiss.[1] *See* ECF 25. Because plaintiff's motion to strike is

---

[1] Undersigned counsel's application to appear pro hac vice states she is applying pro hac vice to represent SelectQuote and InsideResponse; however, the space limitation on the Court's pro hac vice application form cut off part of InsideResponse's name. Because InsideResponse's name was partially cut off on the application form, between July 20,

based on the patently and demonstrably false argument that undersigned counsel is not admitted to appear before this Court, the motion must be denied.

## LAW AND ARGUMENT

### ***1. The Court May Permit an Out-of-State Attorney to Appear Pro Hac Vice***

"It is well settled that permission to a nonresident attorney, who has not been admitted to practice in a court, to appear pro hac vice is not a right but a privilege, the granting of which is a matter of grace resting in the sound discretion of the presiding judge." *Thomas v. Cassidy*, 249 F.2d 91, 92 (5th Cir. 1957), *cert. denied*, 355 U.S. 958 (1958). Federal courts have authority to enact rules governing the admission and conduct of attorneys before them, including admission to appear pro hac vice. *See* 28 U.S.C. § 1654; *Western Life Ins. Co. v. Nanney,* 296 F. Supp. 432 (E.D. Tenn. 1969); *Greer's Refuse Service, Inc. v. Browning-Ferris Industries of Delaware*, 843 F.2d 443 (11th Cir. 1988), *rehearing denied*, 851 F.2d 364, *certiorari denied*, 109 S.Ct. 493, 488 U.S. 967, 102 L.Ed.2d 530 (federal district courts have clear statutory authority to promulgate rules governing admission and conduct of attorneys who practice before them).

Pursuant to this Court's Local Rules, "[e]xcept as otherwise provided in this rule,

---

2023, when the Court granted the pro hac vice application, and August 3, 2023, the Court's docket only reflected undersigned counsel's appearance on behalf of SelectQuote. On August 2, 2023, undersigned counsel attempted to file the motion to dismiss on behalf of SelectQuote and InsideResponse (ECF 23), and the Court clerk instructed her to file a notice of appearance on behalf of InsideResponse so the docket would correctly reflect undersigned counsel's representation of both companies, then refile the motion to dismiss after the docket was updated. On August 3, 2023, undersigned counsel, following the Court's instructions, filed a notice of appearance on behalf of InsideResponse (ECF 24), and refiled the motion to dismiss (ECF 25) after the docket correctly and accurately reflected her representation of both companies.

only attorneys enrolled pursuant to the rules of this Court ***or duly admitted pro hac vice*** may file pleadings, appear, or practice in this Court." L.R. 12.01(A) (emphasis added). The Court may thus grant an out-of-state attorney's application to appear pro hac vice and file motions, pleadings, and appear before the Court. *Id*.

The Court's Local Rules provide the following procedure for an out-of-state attorney to apply to appear pro hac vice:

> An attorney who is not regularly admitted to the bar of this Court, but who is a member in good standing of the bar of the highest court of any state or the District of Columbia, may be admitted pro hac vice for the limited purpose of appearing in a specific pending action. Unless allowed by a judge for good cause, an attorney may not be granted admission pro hac vice if the applicant resides in the Eastern District of Missouri, is regularly employed in the Eastern District of Missouri, or is regularly engaged in the practice of law in the Eastern District of Missouri. A motion requesting admission pro hac vice must be verified and must include the name of the movant attorney, the address and telephone number of the movant, the name of the firm under which the movant practices, the name of the law school attended and the date of graduation, the movant's dates and places of admission to practice law; and a statement that the movant is in good standing in all bars in which he or she is a member, and that the movant does not reside in the Eastern District of Missouri, is not regularly employed in this district, and is not regularly engaged in the practice of law in this district. The movant attorney must include as an attachment to the motion for admission pro hac vice a current certificate of good standing from the highest court of the state in which the attorney resides or is regularly employed as an attorney, or other proof of good standing satisfactory to the Court. The motion must be filed with the Clerk of the District Court or with the Clerk of the Bankruptcy Court, as appropriate, where the action is pending, with payment of the prescribed fee.

L.R. 12.01(F). An attorney duly admitted to appear pro hac vice may file pleadings, appear, and practice before the Court. *See* L.R. 12.01(A); *see also J & J Sports Prods., Inc. v. Scarato,* 2008 WL 2065195, *1 fn. 3 (E.D. Mo. May 14, 2008) ("In his reply memorandum, filed March 10, 2008, Scarato further asserted J & J's counsel is not authorized to practice

before this Court. This allegation is without merit, as J & J's attorney's Motion for Leave to Appear Pro Hac Vice was granted in a docket text order entered December 20, 2007.") (internal citation omitted).

**2. *Plaintiff's Motion to Strike Must be Denied Because SelectQuote's Motion to Dismiss Was Properly Filed by Undersigned Counsel Pursuant to the Court's July 20, 2023 Order Granting Her Application to Appear Pro Hac Vice***

On July 19, 2023, undersigned counsel for SelectQuote and InsideResponse submitted an application to appear before this Court pro hac vice in full compliance with Local Rule 12.01(F) setting forth the procedure to appear before this Court pro hac vice. *See* ECF 15.

On July 20, 2023, the Court granted undersigned counsel's motion to appear pro hac vice. *See* ECF 18. Pursuant to Local Rule 12.01(A), the Court's Order granting undersigned counsel's application to appear pro hac vice permits undersigned counsel to "file pleadings [and] appear" in this case. The Court's docket clearly reflects undersigned counsel's appearance pro hac vice on behalf of SelectQuote and InsideResponse.

On August 3, 2023, pursuant to the Court's July 20, 2023 Order granting her application to appear pro hac vice, undersigned counsel filed SelectQuote's and InsideResponse's motion to dismiss plaintiff's amended complaint. ECF 25. Plaintiff has yet to file an opposition to the motion to dismiss.

Instead, on August 16, 2023, plaintiff moved to strike SelectQuote's motion to dismiss. *See* ECF 28-29. On August 17, 2023, plaintiff filed an amended motion to strike SelectQuote's motion to dismiss. *See* ECF 31-32. In both his motion to strike and amended motion to strike, plaintiff bizarrely argues that, notwithstanding this Court's July 20, 2023

Order granting undersigned counsel's application to appear pro hac vice, the Court should strike SelectQuote's motion to dismiss because, plaintiff wrongly claims, undersigned counsel for SelectQuote is not admitted to appear before this Court.

Plaintiff's contention is patently false. Pursuant to Local Rule 12.01(A), undersigned counsel is duly admitted to appear pro hac vice and may file pleadings, appear, and practice before this Court in this case.

The Court granted undersigned counsel's application to appear pro hac vice on July 20, 2023. SelectQuote's motion to dismiss was properly and correctly filed by counsel admitted pro hac vice in accordance with this Court's rules. Plaintiff's argument that SelectQuote's motion to dismiss was filed by an unlicensed attorney is plainly wrong and wholly without merit.

## CONCLUSION

The Court granted undersigned counsel's application to appear pro hac vice on July 20, 2023. Undersigned counsel's appearance on behalf of SelectQuote and InsideResponse is correctly and accurately reflected on the Court's docket. Pursuant to the Court's Order granting her pro hac vice application, undersigned counsel properly and timely filed SelectQuote's motion to dismiss plaintiff's amended complaint. Plaintiff's motion to strike, based on the patently and demonstrably false contention that undersigned counsel is not admitted pro hac vice to represent SelectQuote in this case, must be denied.

Date: August 30, 2023

Respectfully submitted,

/s/ *Kirsten Smith*
Kirsten Smith (pro hac vice)
Sessions, Israel & Shartle, LLC
3838 N. Causeway Blvd., Suite 2800
Metairie, LA 70002
Phone: 504-846-7943
Email: ksmith@sessions.legal
-and-
Michael S. Hamlin, Esq.
Nichols Lang & Hamlin, LLC
1795 Clarkson Road, Suite 230
Chesterfield, MO 63017
Main: (314) 429-1515
Direct: (314) 428-9603
Fax: (314) 428-9592
Email: mike@nlh-law.com
Attorneys for Defendants
SelectQuote, Inc. and
InsideResponse, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2023 a copy of the foregoing filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including Plaintiff's counsel as described below. Parties may access this filing through the Court's system.

Edwin V. Butler, Esq.
Butler Law Group, LLC
1650 Des Peres Rd., Suite 220
St. Louis, MO 63131
*Attorneys for Plaintiff*

By: /s/ *Kirsten Smith*
Attorney for Defendants
SelectQuote, Inc. and
InsideResponse, LLC