**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DANIEL HUMAN, *individually and on behalf of all others similarly situated*, ) ) ) | |
| Plaintiff, ) | |
| v. ) | Case No. 4:23-cv-00826-SEP |
| ) | |
| SELECTQUOTE, INC., et al., ) ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Before the Court are 17 pending motions. The Court will hold a hearing on the motions filed at Docs. [19], [21], [33], [40], and [42]. For the reasons set forth below, Docs. [30], [47], [53], [54], [55], [65], and [68] are granted, and Docs. [28], [31], [45], and [64], are denied.[1]

**DISCUSSION**

Plaintiff Daniel Human sued Defendants SelectQuote and InsideResponse in state court under the telemarketing-practices and no-call-list provisions of the Missouri Merchandising Practices Act, Mo. Rev. Stat. §§ 407.1070-.1110, and the federal Telephone Consumer Protection Act, 47 U.S.C. § 227. Defendants removed the case on June 27, 2023. There are now 17 motions pending before the Court, 14 filed by Plaintiff and three filed by Defendants. Most recently, Plaintiff filed a Request for Hearing on His First and Second Motions for Sanctions, and Motion to Enforce the Creditor's Bill Against Alter Ego Company Defendant SelectQuote, Doc. [68]. That motion is granted. The Court will hold a hearing on Monday, January 22, 2024, at 12:30 p.m., to address the motions filed at Docs. [19], [21], [33], [40], and [42]. Each side will be allowed twenty minutes for argument.

The remaining motions are disposed of as follows:

**I.   Plaintiff's Motion for Extension of Time to File a Response to Defendants' Motion to Dismiss is granted.**

On August 17, 2023, Plaintiff filed a timely Motion for Extension of Time to File a Response to Defendants' Motion to Dismiss. Doc. [30]. Plaintiff did not indicate that

---

[1] This Order addresses 16 of the 17 pending motions. The remaining motion, Defendants' Motion to Dismiss, Doc. [25], is not discussed in this Order and will not be argued at the upcoming hearing.

Defendants consented to the extension, but Defendants never filed a response.  Before the Court ruled on the motion, Plaintiff filed the Response to Defendants' Motion to Dismiss Amended Class Action Complaint.  *See* Doc. [37].  Plaintiff's motion for extension of time is granted, and the Court will consider Plaintiff's response.  Plaintiff must wait for the Court's ruling on any future motions for an extension of time before filing the document.

## II.     Plaintiff's Motions to Strike Defendants' Motion to Dismiss for the Unauthorized Practice of Law are denied.

Plaintiff filed two Motions to Strike Defendants' Motion to Dismiss for the Unauthorized Practice of Law.  Docs. [28], [31].  Plaintiff alleges that Defendants' counsel Kristen Smith (1) is not admitted to practice law in the Eastern District of Missouri, (2) purports to represent Defendant SelectQuote, but has only entered an appearance for InsideResponse, and (3) did not follow the local rules when she filed an incorporated memorandum of law with Defendants' Motion to Dismiss.  Plaintiff's allegations about the unauthorized practice of law are false.  In Kristen Smith's Verified Motion for Admission Pro Hac Vice, she asked to be admitted to represent SelectQuote and InsideResponse.  Doc. [15].  The Court granted the motion, but due to a clerical error, Smith was only admitted to represent SelectQuote.  Doc. [18].  A couple of weeks later, she filed an entry of appearance for InsideResponse.  Doc. [24].  Smith has complied with Eastern District of Missouri Local Rule 12.01(F), and there is no evidence of the unauthorized practice of law.  Plaintiff is correct that Smith filed an incorporated memorandum of law with Defendants' Motion to Dismiss, but that is not grounds for striking the motion.  Therefore, Plaintiff's motions are denied.

## III.    Plaintiff's Motion to Strike Defendants' Reply in Support of Defendants' Motion to Dismiss Amended Complaint and Request for Judgment on Docs. 45 and 46 are denied, and Defendants' Motion for Leave to Respond Out of Time is granted.

Defendants filed their Reply in Support of Motion to Dismiss Amended Complaint eight days late.  Doc. [44].  Defendants did not move for leave to file out of time, and Plaintiff filed a motion to strike Defendants' reply, Doc. [45], arguing that the delay "was not based on inadvertence or mistake," but rather "a willful violation of the Court's rules."  Doc. [46] at 2.  After Defendants' window to respond to the motion to strike passed, Plaintiff filed a Request for Judgment on Docs. 45 and 46.  Doc. [64].  The same day, Defendants filed a motion for leave to respond to Plaintiff's motion to strike.  Doc. [65].  Defendants explained that they missed the deadline "due to a clerical error," and argued that there is no prejudice from the delay because

2

the Court has not ruled on the Motion to Dismiss. *Id*. at 1. Defendants also pointed out that Plaintiff filed his response to the Motion to Dismiss before the Court's ruling on his extension request. Doc. [66] at 2. The Court will consider both the response and reply and will strictly enforce all filing deadlines moving forward. Plaintiff's motions to strike, Docs. [45] and [64], are denied, and Defendants' motion for leave to file out of time, Doc. [65], is granted.

**IV.     Plaintiff's three motions for leave to file supplemental briefing are granted.**

Plaintiff filed three motions for leave to file supplemental briefing. Docs. [53]-[55]. Plaintiff wants to file the same exhibit—13 pages of documents with information about the websites alliedplans.com and alliedco.com—as a supplement to his (1) Motion for a Creditor's Bill in Equity and to Pierce the Corporate Veil, Doc. [33], (2) Response to Defendants' Motion to Dismiss Amended Class Action Complaint, Doc. [37], and (3) Second Motion for Sanctions Against Defendant SelectQuote, Inc. for the Deliberate Destruction and Spoilation [sic] of Evidence, Doc. [42]. Defendants filed a response in opposition to Plaintiff's motions, arguing that the documents are "entirely irrelevant to this litigation" and that the subpoena that Plaintiff used to get the documents was improperly served. Doc. [59] at 1-2. Defendants' concerns about premature discovery are justifiable, and they are addressed in the discussion of Defendants' Motion to Stay Discovery, Doc. [47], below. But to ensure that the Court has a comprehensive record of Plaintiff's arguments and evidence before the hearing, the motions are granted.

**V.      Defendants' Motion to Stay Discovery is granted.**

Defendants filed a Motion to Stay Discovery Pending the Court's Decision on Defendants' Motion to Dismiss. Doc. [47]. Defendant gives several reasons for the stay. First, Plaintiff's counsel has already filed numerous "frivolous and vexatious motions." Doc. [48] at 2. Second, Plaintiff's counsel's associate, Mr. Christopher Prosser, "repeatedly called InsideResponse" to try to get "employees of the company to 'admit' that 'Allied Financial Services, LLC' and 'Allied Insurance Partners' are alter egos of SelectQuote and InsideResponse." *Id*. Defendants argue that such "harassing phone calls to a represented party during the course of litigation" are "wholly improper." *Id*. at 2-3. And third, Plaintiff's counsel "has issued three third party subpoenas to various internet service providers" over Defendants' objections that "third-party discovery is improper because the parties have not conducted a Rule 26(f) conference." *Id*. at 3.

Plaintiff denies that any of his motions were frivolous or vexatious. Doc. [52] at 2. He also contends that the subpoenas were appropriately issued under Federal Rule of Civil Procedure 69 in furtherance of his default judgment against Allied Financial Services, a company that Plaintiff claims Defendants operate as an alter ego. *Id*. at 5-6.

The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). And Federal Rule of Civil Procedure 26(c) allows a district court to, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by "forbidding the disclosure or discovery" or "specifying terms . . . for the disclosure or discovery."

There is good cause to stay discovery. The parties have shown that they cannot resolve basic issues without the Court's intervention. The Court has not yet held a pretrial conference, and the parties have already filed more than a dozen motions. Allowing these parties to engage in discovery before the Court rules on the pending motion to dismiss seems very likely to require unnecessary expense of time and effort on the part of the Court and the parties. Therefore, all discovery—including discovery under Federal Rule of Civil Procedure 69—is stayed until the Court rules on Defendants' Motion to Dismiss, Doc. [25]. Plaintiff, Plaintiff's counsel, and anyone acting on behalf of Plaintiff or his counsel will not contact Defendants or their employees without the Court's leave. The Court may assess sanctions for violations of this Order. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991); *Greiner v. City of Champlin*, 152 F.3d 787, 790 (8th Cir. 1998).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for a hearing, Doc. [68], is GRANTED. The Court will hold a hearing on Monday, **January 22, 2024, at 12:30 p.m.**, in Courtroom 16N. Each side—Plaintiff and Defendants (collectively)—will have 20 minutes to present argument on the issues raised in Docs. [19], [21], [33], [40], and [42].

**IT IS FURTHER ORDERED** that the motions filed at Docs. [30], [47], [53], [54], [55], [65], and [68] are GRANTED.

**IT IS FURTHER ORDERED** that the motions filed at Docs. [28], [31], [45], and [64], are DENIED.

4

**IT IS FURTHER ORDERED** that all discovery is stayed pending the Court's ruling on Defendants' Motion to Dismiss, Doc. [25].

**IT IS FINALLY ORDERED** that the parties will comply with the Federal Rules of Civil Procedure, Eastern District of Missouri Local Rules, and Judge's Requirements.[2]

Dated this 12th day of January, 2024.

*Sarah E. Pitlyk*
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

---

[2] The Court's requirements are available on the Eastern District of Missouri website at https://www.moed.uscourts.gov/judge/sarah-e-pitlyk.